March 21, 1876. } CHARTIER *v*. MARSHALL.

*Contract to convey land—Rule of damages—When specific performance impossible.*

A contracted in writing to convey to B certain real estate, upon the performance by B of certain conditions. B was prevented by the conduct of A from performing his part of the contract. A never had any valid title to the premises, but did not discover it till after B had brought a bill in equity to compel specific performance of the contract. B subsequently bought the premises of the party having the title. *Held*, that B was entitled to recover such sum in damages as would place him in the same position that he would have been in had A performed his contract.

HILLSBOROUGH COUNTY.

BILL IN EQUITY, to compel the specific performance of a contract, in writing, to convey certain real estate in Nashua. It is the same case reported in 51 N. H. 400.

The cause was sent to a master, from whose report it appeared that one Hoag, October 2, 1865, paid the defendant $100 in cash, and gave him his promissory note for $500, payable in yearly payments of $100, and interest annually until paid. On the same day the defendant delivered to said Hoag his bond to convey said premises to him upon payment of said note, and with a further stipulation that said Hoag

should, in the meantime, occupy said premises. Hoag continued in possession until August 2, 1866, when he sold and conveyed all his interest in said premises to the plaintiff for the sum of $300, the plaintiff agreeing with Hoag to pay the defendant said sum of $500, according to the tenor of said note; and the plaintiff entered into the possession of said premises, and has continued in their possession to the present time, except from November, 1866, to May, 1867, when he was deprived of the possession by the defendant. From the facts found by the master, the court has held that the plaintiff has done everything that he reasonably could do, and everything that equity and good conscience required him to do, to comply with the terms of the contract, and that the failure to perform the contract has been caused by the conduct of the defendant. But, as it also appeared from the master's report that the defendant had no title to the premises specified in the contract, it was held that equity would not decree a specific performance of the contract. 51 N. H. 401.

The cause is now before the court for the assessment of the plaintiff's damages, by reason of the defendant's inability to perform his contract. It has been recommitted to the master, who finds (1) that, at the time the defendant executed the bond to Hoag, and at the time the bond matured, October 2, 1870, the title to the premises in question was in the heirs of one Elizabeth D. Pierce; (2) that, April 26, 1873, the plaintiff negotiated with the parties having the title to the premises, and obtained a good title to the same, paying therefor the sum of $800; (3) that the plaintiff, being in possession of said premises from August 2, 1866, to October 2, 1870, excepting from November 29, 1866, to May 15, 1867, received, for rents and interest on the same to October 2, 1870, deducting commission for collecting rents and care of premises, $500.25; (4) that the plaintiff expended in repairs, water rates, and taxes, with interest thereon to October 2, 1870, $132.20; (5) that the plaintiff expended in improvements, including the introduction of water into the house, with interest to October 2, 1870, $97; (6) that the plaintiff paid Hoag for the assignment of said bond, August, 1866, $300, and interest to October 2, 1870, $75; (7) that the defendant was wrongfully in possession of the premises from November 29, 1866, to May 15, 1867, so that the plaintiff was compelled to bring a suit in equity against him for the possession or said premises, and expended for counsel fees, over and above taxable costs, $49.21,—which amount the master finds is reasonable; (8) that, while the plaintiff was rightfully in possession under the defendant's bond, the defendant commenced a suit in the police court of Nashua for the possession of said premises, and that the plaintiff paid his attorney a just bill of $10 in defending the suit; (9) that the plaintiff has paid his counsel in this suit a just bill of $156.75; (10) that the amount of rent collected by the defendant when he was in possession, from November, 1866, to May, 1867, with interest to October 2, 1870, is $82.33.

*Geo. Y. Sawyer & Sawyer, Jr.*, for the plaintiff.

*Barrett & Atherton*, for the defendant.

CUSHING, C. J. It appears, from the first report of the master, that the defendant, when he sold the property, believed he had a title to it by sale for taxes, but that soon after giving the bond he had reason to suspect that his title was not good, and that before the bond matured he became certain of it, and that this was the reason of his unwillingness to complete the transaction by giving a deed. This relieves the defendant from the suspicion of intentional fraud, but it does not entitle him to any of that charitable consideration which a court of equity might perhaps have extended to him had he not attempted to avoid his contract by indirect practices.

The bond matured October 2, 1870, and the master has made his report of certain rents, and expenses, and interest account up to that time. If the master's report has been made on investigations directed by the court, according to any intimations of their views about the damages, I should not be inclined to question the judgment so far as it has gone. I cannot, myself, take any view of the case which makes those investigations material.

The plaintiff does not stand here in any other light than as a man able and willing to perform his contract exactly to the letter. He is not obliged to ask the charitable consideration of the court in any particular. It is therefore just and equitable that he should be placed by the judgment of the court in exactly the same position—neither better nor worse than he would have been in had the defendant performed his contract.

If the defendant had performed his contract, the plaintiff would have been in undisturbed possession all the time. He would have paid $800 for the property; he would have laid out certain sums in repairs and improvements, and received the rents; and the net balance, after deducting the interest on the purchase-money, would have been his profit, to which he was fairly entitled.

It is not made to appear affirmatively that the plaintiff, in keeping his tender good, lost the interest of his money; so that I think it is right that he should allow this interest up to the time of the maturity of the bond.

The plaintiff paid, April 26, 1873, to the actual owners of the property, the sum of $800,—*i. e.*, the $500 which he was to have paid the defendant for the purchase-money, and $300 more. As he did not pay this till April 26, 1873, and meanwhile had the use of the property, I think the defendant ought to have the benefit of the interest on this sum from the maturity of the bond to the time of payment. Two hundred and sixty dollars, at 6 per cent. interest from October 2, 1870, to April 26, 1873, would amount to $300, so that $260 should be set down as the damage to be reckoned October 2, 1870, for being obliged to pay $300 April 26, 1873.

In the same manner $433.27, with interest at 6 per cent. from October 2, 1870, to April 26, 1873, would amount to $500, and the differ-

ence between these two sums, $66.73, is the interest which should be allowed on the $500. The account then would stand thus:

The defendant is charged as follows:

| | | |
|---|---:|---:|
| Amount paid by the plaintiff over and above the contract price, reckoned as of October 2, 1870, | | $260.00 |
| Cost of first suit, | | 49.21 |
| Cost of suit in police court, | | 10.00 |
| Rent collected by defendant while in possession, with interest to October 2, 1870, | | 82.33 |
| | | $401.54 |
| Defendant is to be credited with simple interest on $500, 5 years, to October 2, 1870, | 150.00 | |
| Discount on $500 from October 2, 1870, to April 26, 1873, | 66.73 | 216.73 |
| Damage as of October 2, 1870, | | $184.81 |
| To this add interest from October 2, 1870, to the date of this judgment, March 22, 1876, | | 60.67 |
| Add counsel fees as found by the master, | | 156.75 |
| | | $402.23 |

There is nothing in the master's report to show when the expenses of the first suit, and of the suit in the police court, were paid, and therefore nothing by which to reckon interest.

As the plaintiff had to make his tenders regularly until the maturity of the bond, I think he ought not to allow anything more than simple interest.

LADD and SMITH, JJ., concurred.

*Decree accordingly.*