## Britton *versus* Turner.

Where a party undertakes to pay, upon a special contract for the performance of labour, he is not liable to be charged upon such special contract, until the money is earned according to the terms of the agreement ; and where the parties have made an express contract, the law will not imply and raise a contract different from that which the parties have entered into, except upon some farther transaction between them.

In case of a failure to perform such special contract, by the default of the party contracting to do the service, if the money is not due by the terms of the special agreement, and the nature of the contract be such that the employer can reject what has been done, and refuse to receive any benefit from the part performance, he is entitled so to do, unless he have before assented to and accepted of what has been done, and in such case the party performing the labor is not entitled to recover however much he may have done.

But if, upon a contract of such a character, a party actually receives useful labor, and thereby derives a benefit and advantage, over and above the damage which has resulted from a breach of the contract by the other party, the labor actually done, and the value received, furnish a new consideration, and the law thereupon raises a promise to pay to the extent of the reasonable worth of the excess. And the rule is the same, whether the labor was received and accepted, by the assent of the party prior to the breach, and under a contract, by which, from its nature, the party was to receive the labour from time to time until the completion of the whole contract, or whether it was received and accepted by an assent subsequent to the performance of all which was in fact done.

In case such contract is broken, by the fault of the party employed after part performance has been received, the employer is entitled, if he so elect, to put the breach of the contract in defence, for the purpose of reducing the damages, or showing that nothing is due, and the benefits for which he is liable to be charged, in that case, is the amount of value which he has received, if any, beyond the amount of the damage—and the implied promise which the law will raise, is, to pay such amount of the stipulated price for the whole labour, as remains after deducting what it would cost to procure a completion of the whole service, and also any damage which has been sustained by reason of the non fulfilment of the contract.

If in such case it be found that the damages are equal to, or greater than the amount of the value of the labour performed, so that the employer, having a right to the performance of the whole contract, has not upon the whole case received a beneficial service, the plaintiff cannot recover.

Britton
v.
Turner.

If the employer elects to permit himself to be charged for the value of the labor, without interposing the damages in defence, he is entitled to do so, and may have an action to recover his damages for the non performance of the contract.

If he elects to have the damages considered in the action against him, he must be understood as conceding that they are not to be extended beyond the amount of what he has received, and he cannot therefore afterwards sustain an action for further damages.

ASSUMPSIT for work and labour, performed by the plaintiff, in the service of the defendent, from March 9th, 1831, to December 27, 1831.

The declaration contained the common counts, and among them a count in *quantum meruit*, for the labor, averring it to be worth one hundred dollars.

At the trial in the C. C. Pleas, the plaintiff proved the performance of the labor as set forth in the declaration.

The defence was that it was performed under a special contract—that the plaintiff agreed to work one year, from some time in March, 1831, to March 1832, and that the defendant was to pay him for said year's labor the sum of one hundred and twenty dollars ; and the defendant offered evidence tending to show that such was the contract under which the work was done.

Evidence was also offered to show that the plaintiff left the defendant's service without his consent, and it was contended by the defendant that the plaintiff had no good cause for not continuing in his employment.

There was no evidence offered of any damage arising from the plaintiff's departure, farther than was to be inferred from his non fulfilment of the entire contract.

The court instructed the jury, that if they were satisfied from the evidence that the labor was performed, under a contract to labor a year, for the sum of one hundred and twenty dollars, and if they were satisfied that the plaintiff labored only the time specified in the declaration, and then left the defendant's service, against his consent, and without any good cause, yet the plaintiff was entitled to recover, under his *quantum meruit* count,

as much as the labor he performed was reasonably worth, and under this direction the jury gave a verdict for the plaintiff for the sum of $95.

The defendant excepted to the instructions thus given to the jury.

*Handerson* for the defendant.

The general principle established by all the old cases, is, that where the contract is entire, as where A agrees to do a certain thing, for which B is to make a certain compensation, the doing of the thing by A is a condition precedent, and he has no remedy until he has fully performed his part.

There are several leading cases relating to the subject. *Cutter Adr.* v. *Powell*, 6 D. & E. 320 ; *McMillen* v. *Vanderlip*, 12 Johns. 165 ; *Hudson* v. *Swift*, 20 Johns. 24 ; *Lantry* v. *Parks*, 8 Cowen, 63 ; *Ellis* v. *Hamlin*, 4 Taunt. 52 ; 11 Com. Law Rep. 254 ; 17 ditto, 340 ; *Faxon* v. *Mansfield and Holbrook, Trustee*, 2 Mass. Rep. 147 ; *Stark* v. *Parker*, 2 Pick. 267 ; *Mores* v. *Stevens*, 2 Pick. 332.

*Hayward* v. *Leonard*, 7 Pick. 181, was a contract to build a house on the plaintiff's land, at a certain price, and in a particular manner. The first count was upon the contract, the second *quantum meruit* for work and labor, and materials found. The court there decided that the count in *quantum meruit* might be sustained, and refer with approbation to 14 Mass. 282, and 2 Pick. 267. They say, the defendant saw the work go on from day to day, and found no fault, either with the work or materials, and may be presumed to have agreed to receive the work as it was done, &c.

The case of *Wadleigh* v. *Sutton*, *an'e* 15, is like the case in the 7th Pickering, and may be sustained without affecting the case under consideration.

On a full examination of the decisions upon this subject, no doubt it will be found, that in modern times courts have, to a certain extent, relaxed from the strict rules

formerly adopted, and have sustained a count in *quantum meruit* in cases where the plaintiff had not fully performed his contract. But all the cases where it has been so held may be distinguished from this case—none have gone the length of maintaining the present action.

Take the cases of contracts to build a house, a bridge, or highway, and all the variety of cases where the agreement consists in certain labor to be done, and materials provided—the contract is not fulfilled according to its terms—the house, or bridge, or highway are built, but not so well done as agreed. No action, therefore, will lie upon the contract. But the court in those cases say when the party for whose benefit the materials are furnished, and the labor done, sees the work from day to day, as it proceeds, sees also the materials, and suffers the building to go on without objection, or without putting an end to the work, it shall be considered that he accepts it—that he in fact consents to abandon the strict terms of the contract, and makes a new one, which is to pay what the labor and materials are reasonably worth.

So also in another class of cases, where an agreement is made for the sale and delivery of articles estimated by weight or measure—Suppose A agrees to deliver me 150 bushels of wheat, at \$1,50 per bushel, to be paid when it is all delivered, but he delivers only fifty. If I keep the fifty bushels I make a new contract, and agree to pay what the fifty bushels are worth. But if I decline keeping it, and request A to take it away, he cannot force it upon me *nolens, volens*, and compel me to pay for it against my consent.

In the foregoing cases the person with whom the contract is made, it is presumed from his conduct, has consented, in the one case to receive less than the whole amount agreed to be delivered, and in the other to receive the labor and materials of a different kind, or in a different form and manner, from that stipulated. He has in short made a new contract, and abandoned the old,

and it is on this ground, and this only, that those decisions can be sustained.

But the case before the court is different from those where it has been held a *quantum meruit* lies. It cannot be contended that the defendant consented to receive a part of the labor, and be accountable for such part ; no contract to this effect can be implied. He had it not in his power to prevent this part execution, as in the case of building the house, bridge, &c. nor could he deliver back the labor done. If any contract is fastened upon him, it is put upon him against his consent. He made a contract for an entire year's work. He has never consented to receive and pay for any time less than a year. No such consent can be implied.

The cases before cited, in 2 Mass. 147 ; 2 Pick. 267 ; 12 Johns. 165 ; and 8 Cowen, 63 ; are as fully in point as if made for the occasion ; and although courts in modern times may have succeeded in getting around the old law, in sundry cases, it is believed that the decisions last referred to yet stand, having never been overruled, but remain in full force, and they seem fully to support this defence.

To hold out inducements to men to violate their contracts, when fairly entered into, is of immoral tendency, and whether the decisions have not gone quite far enough, and held out inducements enough to men disposed to disregard their engagements, may perhaps deserve consideration.

*Wilson*, for the plaintiff.

PARKER, J. delivered the opinion of the court.

It may be assumed, that the labor performed by the plaintiff, and for which he seeks to recover a compensation in this action, was commenced under a special contract to labor for the defendant the term of one year, for the sum of one hundred and twenty dollars, and that the

plaintiff has labored but a portion of that time, and has voluntarily failed to complete the entire contract.

It is clear, then, that he is not entitled to recover upon the contract itself, because the service, which was to entitle him to the sum agreed upon, has never been performed.

But the question arises, can the plaintiff, under these circumstances, recover a reasonable sum for the service he has actually performed, under the count in *quantum meruit*.

Upon this, and questions of a similar nature, the decisions to be found in the books are not easily reconciled.

It has been held, upon contracts of this kind for labor to be performed at a specified price, that the party who voluntarily fails to fulfil the contract by performing the whole labor contracted for, is not entitled to recover any thing for the labor actually performed, however much he may have done towards the performance, and this has been considered the settled rule of law upon this subject.

2 Pick. 267, *Stark* v. *Parker*; 2 Mass. 147, *Faxon* v. *Mansfield* ; 12 Johns. 165, *McMillen* v. *Vanderlip* ; 13 Johns. 94, *Jennings* v. *Camp* ; 19 Johns, 337, *Reab* v. *Moor* ; 8 Cowen, 63, *Lantry* v. *Parks* ; 9 Barn. & Cres. 92, *Sinclair* v. *Bowles* ; 2 Stark. Rep. 256, *Spain* v. *Arnott*.

That such rule in its operation may be very unequal, not to say unjust, is apparent.

A party who contracts to perform certain specified labor, and who breaks his contract in the first instance, without any attempt to perform it, can only be made liable to pay the damages which the other party has sustained by reason of such non performance, which in many instances may be trifling—whereas a party who in good faith has entered upon the performance of his contract, and nearly completed it, and then abandoned the further performance—although the other party has had the full benefit of all that has been done, and has perhaps sustained no actual damage—is in fact subjected to

a loss of all which has been performed, in the nature of damages for the non fulfilment, of the remainder, upon the technical rule, that the contract must be fully performed in order to a recovery of any part of the compensation.

By the operation of this rule, then, the party who attempts performance may be placed in a much worse situation than he who wholly disregards his contract, and the other party may receive much more, by the breach of the contract, than the injury which he has sustained by such breach, and more than he could be entitled to were he seeking to recover damages by an action.

The case before us presents an illustration. Had the plaintiff in this case never entered upon the performance of his contract, the damage could not probably have been greater than some small expense and trouble incurred in procuring another to do the labor which he had contracted to perform. But having entered upon the performance, and labored nine and a half months, the value of which labor to the defendant as found by the jury is $95, if the defendant can succeed in this defence, he in fact receives nearly five sixths of the value of a whole year's labor, by reason of the breach of contract by the plaintiff a sum not only utterly disproportionate to any probable, not to say possible damage which could have resulted from the neglect of the plaintiff to continue the remaining two and an half months, but altogether beyond any damage which could have been recovered by the defendant, had the plaintiff done nothing towards the fulfilment of his contract.

Another illustration is furnished in *Lantry* v. *Parks*, 8 Cowen, 83. There the defendant hired the plaintiff for a year, at ten dollars per month. The plaintiff worked ten and an half months, and then left saying he would work no more for him. This was on Saturday—on Monday the plaintiff returned, and offered to resume his work, but the defendant said he would employ him no longer.

The court held that the refusal of the defendant on Saturday was a violation of his contract, and that he could recover nothing for the labor performed.

There are other cases, however, in which principles have been adopted leading to a different result.

It is said, that where a party contracts to perform certain work, and to furnish materials, as, for instance, to build a house, and the work is done, but with some variations from the mode prescribed by the contract, yet if the other party has the benefit of the labor and materials he should be bound to pay so much as they are reasonably worth. 2 Stark. Ev. 97, 98 ; 7 Pick. 181, *Hayward* v. *Leonard* ; 8 Pick. 178, *Smith* v. *First Cong. Meeting House in Lowell* ; 4 Cowen, 564, *Jewell* v. *Schroeppel* ; 7 Green. 78, *Hayden* v. *Madison* ; Bull. N. P. 139 ; 4 Bos. & Pul. 355 ; 10 Johns. 36 ; 13 Johns. 97 ; 7 East, 479.

A different doctrine seems to have been holden in *Ellis* v. *Hamlen*, 3 Taunt. 52, and it is apparent, in such cases, that if the house has not been built in the manner specified in the contract, the work has not been done. The party has no more performed what he contracted to perform, than he who has contracted to labor for a certain period, and failed to complete the time.

It is in truth virtually conceded in such cases that the work has not been done, for if it had been, the party performing it would be entitled to recover upon the contract itself, which it is held he cannot do.

Those cases are not to be distinguished, in principle, from the present, unless it be in the circumstance, that where the party has contracted to furnish materials, and do certain labor, as to build a house in a specified manner, if it is not done according to the contract, the party for whom it is built may refuse to receive it---elect to take no benefit from what has been performed---and therefore if he does receive, he shall be bound to pay the value--- whereas in a contract for labor, merely, from day to day, the party is continually receiving the benefit of the con-

tract under an expectation that it will be fulfilled, and cannot, upon the breach of it, have an election to refuse to receive what has been done, and thus discharge himself from payment.

But we think this difference in the nature of the contracts does not justify the application of a different rule in relation to them.

The party who contracts for labor merely, for a certain period, does so with full knowledge that he must, from the nature of the case, be accepting part performance from day to day, if the other party commences the performance, and with knowledge also that the other may eventually fail of completing the entire term.

If under such circumstances he actually receives a benefit from the labor performed, over and above the damage occasioned by the failure to complete, there is as much reason why he should pay the reasonable worth of what has thus been done for his benefit, as there is when he enters and occupies the house which has been built for him, but not according to the stipulations of the contract, and which he perhaps enters, not because he is satisfied with what has been done, but because circumstances compel him to accept it such as it is, that he should pay for the value of the house.

Where goods are sold upon a special contract as to their nature, quality, and price, and have been used before their inferiority has been discovered, or other circumstances have occurred which have rendered it impracticable or inconvenient for the vendee to rescind the contract *in toto*, it seems to have been the practice formerly to allow the vendor to recover the stipulated price, and the vendee recovered by a cross action damages for the breach of the contract. "But according to the later and more convenient practice, the vendee in such case is allowed, in an action for the price, to give evidence of the inferiority of the goods in reduction of damages, and the plaintiff who has broken his contract is not entitled

to recover more than the value of the benefits which the defendant has actually derived from the goods ; and where the latter has derived no benefit, the plaintiff cannot recover at all." 2 Stark. Ev. 640, 642 ; 1 Starkie's Rep. 107, *Okell* v. *Smith.*

So where a person contracts for the purchase of a quantity of merchandize, at a certain price, and receives a delivery of part only, and he keeps that part, without any offer of a return, it has been held that he must pay the value of it. 5 Barn. & Cres. *Shipton* v. *Casson ;* Com. Dig. Action F. *Baker* v. *Sutton ;* 1 Camp. 55, *note.*

A different opinion seems to have been entertained, 5 Bos. & Pul. 61, *Waddington* v. *Oliver*, and a different decision was had, 2 Stark. Rep. 281, *Walker* v. *Dixon.*

There is a close analogy between all these classes of cases, in which such diverse decisions have been made.

If the party who has contracted to receive merchandize, takes a part and uses it, in expectation that the whole will be delivered, which is never done, there seems to be no greater reason that he should pay for what he has received, than there is that the party who has received labor in part, under similar circumstances, should pay the value of what has been done for his benefit.

It is said, that in those cases where the plaintiff has been permitted to recover there was an acceptance of what had been done. The answer is, that where the contract is to labor from day to day, for a certain period, the party for whom the labor is done in truth stipulates to receive it from day to day, as it is performed, and although the other may not eventually do all he has contracted to do, there has been, necessarily, an acceptance of what has been done in pursuance of the contract, and the party must have understood when he made the contract that there was to be such acceptance.

If then the party stipulates in the outset to receive part performance from time to time, with a knowledge that the whole may not be completed, we see no reason

why he should not equally be holden to pay for the amount of value received, as where he afterwards takes the benefit of what has been done, with a knowledge that the whole which was contracted for has not been performed.

In neither case has the contract been performed. In neither can an action be sustained on the original contract.

In both the party has assented to receive what is done. The only difference is, that in the one case the assent is prior, with a knowledge that all may not be performed, in the other it is subsequent, with a knowledge that the whole has not been accomplished.

We have no hesitation in holding that the same rule should be applied to both classes of cases, especially, as the operation of the rule will be to make the party who has failed to fulfil his contract, liable to such amount of damages as the other party has sustained, instead of subjecting him to an entire loss for a partial failure, and thus making the amount received in many cases wholly disproportionate to the injury. 1 Saund. 320, c ; 2 Stark. Evid. 643.

It is as " hard upon the plaintiff to preclude him from recovering at all, because he has failed as to part of his entire undertaking," where his contract is to labor for a certain period, as it can be in any other description of contract, provided the defendant has received a benefit and value from the labor actually performed.

We hold then, that where a party undertakes to pay upon a special contract for the performance of labor, or the furnishing of materials, he is not to be charged upon such special agreement until the money is earned according to the terms of it, and where the parties have made an express contract the law will not imply and raise a contract different from that which the parties have entered into, except upon some farther transaction between the parties.

Britton
v.
Turner.

In case of a failure to perform such special contract, by the default of the party contracting to do the service, if the money is not due by the terms of the special agreement he is not entitled to recover for his labor, or for the materials furnished, unless the other party receives what has been done, or furnished, and upon the whole case derives a benefit from it. 14 Mass. 282, *Taft* v. *Montague;* 2 Stark. Ev. 644.

But if, where a contract is made of such a character, a party actually receives labor, or materials, and thereby derives a benefit and advantage, over and above the damage which has resulted from the breach of the contract by the other party, the labor actually done, and the value received, furnish a new consideration, and the law thereupon raises a promise to pay to the extent of the reasonable worth of such excess. This may be considered as making a new case, one not within the original agreement, and the party is entitled to " recover on his new case, for the work done, not as agreed, but yet accepted by the defendant." 1 Dane's Abr. 224.

If on such failure to perform the whole, the nature of the contract be such that the employer can reject what has been done, and refuse to receive any benefit from the part performance, he is entitled so to do, and in such case is not liable to be charged, unless he has before assented to and accepted of what has been done, however much the other party may have done towards the performance. He has in such case received nothing, and having contracted to receive nothing but the entire matter contracted for, he is not bound to pay, because his express promise was only to pay on receiving the whole, and having actually received nothing the law cannot and ought not to raise an implied promise to pay. But where the party receives value—takes and uses the materials, or has advantage from the labor, he is liabe to pay the reasonable worth of what he has received. 1 Camp. 38, *Farnswoth* v. *Garrard.* And the rule is the same wheth-

er it was received and accepted by the assent of the party prior to the breach, under a contract by which, from its nature, he was to receive labor, from time to time until the completion of the whole contract ; or whether it was received and accepted by an assent subsequent to the performance of all which was in fact done. If he received it under such circumstances as precluded him from rejecting it afterwards, that does not alter the case —it has still been received by his assent.

In fact we think the technical reasoning, that the performance of the whole labor is a condition precedent, and the right to recover any thing dependent upon it—that the contract being entire there can be no apportionment —and that there being an express contract no other can be implied, even upon the subsequent performance of service—is not properly applicable to this species of contract, where a beneficial service has been actually performed ; for we have abundant reason to believe, that the general understanding of the community is, that the the hired laborer shall be entitled to compensation for the service actually performed, though he do not continue the entire term contracted for, and such contracts must be presumed to be made with reference to that understanding, unless an express stipulation shows the contrary.

Where a beneficial service has been performed and received, therefore, under contracts of this kind, the mutual agreements cannot be considered as going to the whole of the consideration, so as to make them mutual conditions, the one precedent to the other, without a specific proviso to that effect.     1 H. Black. 273, *note*, *Boone* v *Eyre* ; 6 D. & E. 570, *Campbell* v. *Jones* ; 10 East, 295, *Ritchie* v. *Atkinson* ; 4 Taunt. 745, *Burn* v. *Miller*.

It is easy, if parties so choose, to provide by an expres agreement that nothing shall be earned, if the laborer leaves his employer without having performed the whole service contemplated, and then there can be no

pretence for a recovery if he voluntarily deserts the service before the expiration of the time.

The amount, however, for which the employer ought to be charged, where the laborer abandons his contract, is only the reasonable worth, or the amount of advantage he receives upon the whole transaction, (*ante* 15, *Wadleigh* v. *Sutton*,) and, in estimating the value of the labor, the contract price for the service cannot be exceeded. 7 Green. 78 ; 4 Wendell, 285, *Dubois* v. *Delaware & Hudson Canal Company* ; 7 Wend. 121, *Koon* v. *Greenman.*

If a person makes a contract fairly he is entitled to have it fully performed, and if this is not done he is entitled to damages. He may maintain a suit to recover the amount of damage sustained by the non performance.

The benefit and advantage which the party takes by the labor, therefore, is the amount of value which he receives, if any, after deducting the amount of damage ; and if he elects to put this in defence he is entitled so to do, and the implied promise which the law will raise, in such case, is to pay such amount of the stipulated price for the whole labor, as remains after deducting what it would cost to procure a completion of the residue of the service, and also any damage which has been sustained by reason of the non fulfilment of the contract.

If in such case it be found that the damages are equal to, or greater than the amount of the labor performed, so that the employer, having a right to the full performance of the contract, has not upon the whole case received a beneficial service, the plaintiff cannot recover.

This rule, by binding the employer to pay the value of the service he actually receives, and the laborer to answer in damages where he does not complete the entire contract, will leave no temptation to the former to drive the laborer from his service, near the close of his term, by ill treatment, in order to escape from payment ; nor to the latter to desert his service before the stipulated time, without a sufficient reason ; and it will in most in-

stances settle the whole controversy in one action, and prevent a multiplicity of suits and cross actions.

There may be instances, however, where the damage occasioned is much greater than the value of the labor performed, and if the party elects to permit himself to be charged for the value of the labor, without interposing the damages in defence, he is entitled to do so, and may have an action to recover his damages for the non-performance, whatever, they may be. 1 Mason's Rep. *Crowninshield* v. *Robinson*.

And he may commence such action at any time after the contract is broken, notwithstanding no suit has been instituted against him ; but if he elects to have the damages considered in the action against him, he must be understood as conceding that they are not to be extended beyond the amount of what he has received, and he cannot afterwards sustain an action for farther damages.

Applying the principles thus laid down, to this case, the plaintiff is entitled to judgment on the verdict.

The defendant sets up a mere breach of the contract in defence of the action, but this cannot avail him. He does not appear to have offered evidence to show that he was damnified by such breach, or to have asked that a deduction should be made upon that account. The direction to the jury was therefore correct, that the plaintiff was entitled to recover as much as the labor performed was reasonably worth, and the jury appear to have allowed a *pro rata* compensation, for the time which the plaintiff labored in the defendant's service.

As the defendant has not claimed or had any adjustment of damages, for the breach of the contract, in this action, if he has actually sustained damage he is still entitled to a suit to recover the amount.

Whether it is not necessary, in cases of this kind, that notice should be given to the employer that the contract is abandoned, with an offer of adjustment and demand of payment ; and whether the laborer must not wait until

*Britton*
*v.*
*Turner.*

the time when the money would have been due according to the contract, before commencing an action, (5 B. & P. 61) are questions not necessary to be settled in this case, no objections of that nature having been taken here.

*Judgment on the verdict.*