CRAWFORD *v.* PARSONS.

A contract that a party will labor for a term, and take a lot of land in payment, is within the statute of frauds, and, if not in writing, does not bind the party who is to convey the land. The other party, therefore, is not bound to labor for the full term, but may recover for the value of the labor he has actually performed.

ASSUMPSIT, for work and labor. The action was commenced originally before a justice of the peace, and came up by appeal.

The labor being proved, the defendant offered evidence tending to prove that the plaintiff had stated that he was to work eight months from May 1, 1843, at $8 per month, and take a lot of land for pay upon the Harvey swell; but that no lot was designated, and no price agreed upon for the land, and that he left at the end of two weeks work on account of ill health.

The court instructed the jury that "if they found that there was merely a talk about the plaintiff's taking a lot of land for pay, or that there was not such a contract to have a lot of land as the plaintiff could enforce if he worked his time out, then the plaintiff must recover; for the contract, in order to be binding on the plaintiff, must also be binding on the defendant; and then they might give the plaintiff what they thought his services were actually worth to the defendant, after deducting the damages which he had sustained by reason of the plaintiff leaving before his time had expired, and also such trouble as he might have been put to in procuring other help to supply his place.

The jury returned a verdict for the plaintiff, and the defendant moved to set it aside, and for a new trial.

*Fletcher*, for the plaintiff.

*Benton*, for the defendant.

PARKER, C. J.  As the case is presented, the court seem to have left it to the jury to find whether there was a contract which the plaintiff could enforce, which is very nearly leaving to them a question of law.  But it may be presumed that there were other instructions respecting what would constitute a binding contract.  However this may be, there is sufficient in the case to sustain the verdict.

The plaintiff made out a *primâ facie* case by the proof of the performance of the labor for which he seeks to recover.  This the defendant did not deny, but he endeavored to show that the plaintiff entered into a special contract to labor for eight months, and to take a lot of land upon "the Harvey swell" in payment.  The jury might well find that there was no competent contract upon the subject.  It may be understood that "the Harvey swell" is an eminence somewhere, but it does not appear that it is divided into lots, and if it were so, it might be inferred that the parties were to agree what lot or land was to be given and received in payment.

But if this be regarded as an agreement to labor for eight months, and to take land on the Harvey swell in payment, leaving it for the defendant, in case the parties could not agree, to set out and convey to the plaintiff sufficient land, in payment,— there is no writing, as evidence of that agreement, and the plaintiff could not, upon full performance on his part, enforce that contract against the defendant.  He could in such case only maintain an action to recover the value of the labor which he had performed ; the defendant's promise to convey being within the statute of frauds, and so not binding upon him.  And as his possession was the only consideration for the promise of the plaintiff, unless the parties were mutually bound there was no binding contract as to either of them.  There being no sufficient consideration for the plaintiff's promise to labor for the term, he might stop at his pleasure,

and is not obliged to invoke the aid of *Britton* v. *Turner*, 6 N. II. Rep. 481, to enable him to recover.

If the plaintiff had moved to set aside the verdict, the motion must have prevailed; the instructions that the jury might deduct the damages which the defendant had sustained being erroneous.

*Judgment on the verdict.*