# CASES

ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

THE SOUTHERN PACIFIC COMPANY

*v.*

THE AMERICAN WELL WORKS.

*Opinion filed February 14, 1898.*

1. EVIDENCE—*reasonable market value of materials lost to plaintiff by breach of contract may be proved.* The reasonable market value of materials, upon the basis of the entire contract price, may be proved under a declaration averring a contract whereby plaintiff was to furnish material and labor for the defendant, the transportation of such material to the place where the work was to be done, and the loss thereof to plaintiff by reason of the defendant's breach of the contract, which prevented its completion.

2. INSTRUCTIONS—*instruction that plaintiff cannot recover on quantum meruit is misleading where there is a proper special count.* An instruction that the plaintiff cannot recover on a *quantum meruit* for work done or materials furnished where there was no material furnished or labor performed which was accepted by or of benefit to the defendant, may be refused as misleading, where there is a special count in the declaration averring a breach of contract, which the evidence tends to support.

3. APPEALS AND ERRORS—*Appellate Court's affirmance is final on facts.* Whether the plaintiff suing on a contract had assented to

certain deductions from the contract price by the defendant, whether the facts authorized a recovery, and whether the damages assessed by the jury were excessive, are questions of fact finally settled by the Appellate Court's judgment of affirmance.

*Southern Pacific Co.* v. *Am. Well Works*, 67 Ill. App. 512, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Appellee instituted an action of assumpsit against appellant, and filed its declaration containing the common counts only. Subsequently, by leave of court, six special counts were filed. Under the first two special counts appellee claims for sinking two wells at Flatonia, Texas, and furnishing certain machinery and appliances to be used therewith. The third and fourth special counts claim under a contract for sinking one well and furnishing certain materials therefor at Hondo, Texas, whilst the fifth and six counts allege a contract by which appellee was to furnish appellant a pump, pipe, etc., and place the same in a well drilled by others at Sanderson, Texas. Under the fifth count it is also alleged the appellee entered upon the performance of the work and procured and transported to Sanderson all material and labor necessary to complete the same, and performed a part thereof, when appellant would not permit appellee to perform its agreement, but discharged it, etc., whereby the materials so shipped were lost to appellee. The sixth count also alleges a contract similar to the one set out in the fifth, except it is alleged that it was further represented by the appellant that the well at Sanderson was of a certain size and depth, and appellee was to furnish pipe, etc., for a well of that size and depth, and the well was sufficiently straight to put in pipe of that size; and that it was agreed that if the well was not of the size stated and was not straight, appellant would pay appel-

lee for the labor, materials, etc., expended thereon, etc.; alleges an attempt to perform the work, but was prevented because the well was not straight or of the size agreed, and damages are then alleged.

To this declaration non-assumpsit and set-off were pleaded, and on trial before a jury a verdict for $4050.60 was entered for the plaintiff, and a motion for new trial was overruled and judgment entered, and an exception thereto interposed. On appeal to the Appellate Court for the First District that judgment was affirmed, and this appeal is prosecuted. The contention of the appellant is that the damages are excessive, that there was error in the admission of evidence and in refusing instructions, and that no recovery could be had for work or materials furnished under the contract for the Sanderson well.

SMILEY & CLARK, for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

From appellant's brief, the only questions under which it insists improper evidence was admitted, were, what was the reasonable market value of the steam engine upon the basis of the entire price for the whole contract, and other questions of like nature. By the fifth special count of appellee's declaration it was alleged a contract was made, by which appellee was to furnish material and do certain work for appellant, and that it caused material and labor to be transported to Sanderson, Texas, for that purpose and entered on the performance of the work, but appellant prevented its complete performance, by reason of which, materials so transported for that purpose were lost to appellee. If a contract was made as alleged and damage sustained as alleged, the plaintiff had a right to show the value of the material so transported to Sander-

son, and its damage.    It was not error to overrule appellant's objection to the above question and questions of a similar character, neither was it error to refuse to exclude such evidence from the jury.

Appellant urges that under the count in *quantum meruit* no recovery could be had, because where a party fails to comply with an agreement where there is a condition precedent to be by him performed, no recovery can be had where he is the one in default.    Whilst such is the rule, and no recovery can be had under a *quantum meruit* except where the material or work is of benefit to the other party or accepted or used, or except where nothing remains to be done except the acceptance and payment, still, under the fifth special count, if the appellee transported materials and labor to Sanderson to perform the work, and though not in default was prevented from performance by the appellant, a recovery could be had. Whether the facts were sufficient to authorize a recovery, or whether the damage assessed by the jury was excessive, were questions of fact settled by the trial and Appellate Courts, and such findings are binding on this court.

The court refused to give an instruction to the jury, as follows:

"The plaintiff cannot recover on the *quantum meruit* for work done or material furnished at Sanderson well, because there was nothing done which the defendant accepted or used or which was of benefit to the defendant."

This instruction was calculated to mislead the jury, as a recovery might be had for work done or materials furnished at the Sanderson well if the fifth special count was proven as alleged, and hence it was not error to refuse it.

There were four wells on which work was done and materials furnished under the several contracts specially pleaded.    As to the work and material furnished on three of those wells, as alleged in the first, second, third and fourth special counts, the defense was that they had been

paid for in cash, and by deductions assented to by appellee in settlement of a controversy. Whether such settlement was assented to was an issue sharply controverted at the trial. It is not a question to be determined here.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*