Merrimack, ⎰
Dec., 1899. ⎱

## MORRILL & a. v. WEEKS.

The construction of a written contract by the parties thereto, as evidenced by a protracted course of action, will be adopted by the court unless the language forbids.

An agreement to pay a sum of money in the event of a default in the payment of a much smaller amount will be treated as a penalty or security to insure the performance of the contract by the obligor, and not as liquidated damages.

Delay in bringing suit for any period less than that prescribed by the statute of limitations will not constitute laches.

Where a demand for money due has not been made in accordance with the terms of a partnership agreement, interest is recoverable from the date when an action for an accounting is begun.

BILL IN EQUITY, for an accounting. February 19, 1880, the parties bought out the insurance business of Charles W. Cilley for $250, each contributing one half of this amount, and on the same day entered into an agreement under seal for the purpose of carrying on the business. The material parts of the agreement are as follows:

"In consideration whereof, the said Rufus M. Weeks hereby agrees to have the said Morrill & Danforth issue policies upon, or cause the same to be placed in companies other than their own upon, all insurance risks in which he shall become interested as agent or broker, excepting any which he may write in the New Hampshire Fire Insurance Company of Manchester, N. H., as its agent. For all policies so written in said New Hampshire Com-

pany, he hereby agrees to allow said Morrill & Danforth seven and one half (7½) per cent commission of any and all premiums thereon collected. . . . This contract shall be in full force and effect as between said parties for a term of five years from the date hereof. At the termination of five years, or at any previous time, if either Morrill & Danforth or said Weeks desire to withdraw from the business arrangement herein entered into, the retiring party shall first offer for sale his interest in the business then existing, to the party desiring to continue in the business, at a price not exceeding the yearly income of said retiring party for one year preceding the day of so offering it. . . . In case of failure to perform all the conditions herein named, or any default in payment of any moneys due from one party to the other, where a demand for same has been made by either party, the defaulting party hereby agrees to forfeit the sum of three hundred dollars to the party so injured, which amount is hereby fixed and liquidated as the amount of damages to be paid by the failing party to the other."

The defendant has not accounted to the plaintiffs for premiums collected by him on policies written in the New Hampshire Company since August 1, 1883, and the plaintiffs have never before demanded an accounting. No action has been taken under the provision in respect to withdrawal by either party. When the five years terminated the defendant ceased to place policies with the plaintiffs, and gave them no share in the premiums collected by him upon policies written in the New Hampshire Company. The plaintiffs made no complaint to or demand on the defendant respecting his failure to perform the contract, nor did they in any way intimate to him that they considered the contract as still in force, or that he was in any way holden or indebted to them on account thereof.

*Streeter, Walker & Hollis*, for the plaintiffs.

*Almon F. Burbank*, for the defendant.

YOUNG, J. The first question in construing this contract is to ascertain the time the parties intended it should continue in force, and the acts of the parties and the language of the contract furnish all the evidence we have in regard to it. These show that they intended to engage in the insurance business on joint account for the term of five years, unless one of them should desire to withdraw from the business within that time, and in that event a way was provided by which it might be done. This is the effect of the language if given its usual and natural meaning; and while it is perhaps capable of a construction which would continue the

contract in force until the parties should comply with its provisions in respect to withdrawal, this is not its natural meaning, and the acts of the parties show that this was not their understanding of it; for at the end of five years the defendant assumed complete control of the business, and for more than thirteen years the plaintiffs permitted him to treat it as his own without asserting any claim of control over or ownership in the business. This is evidence of a practical construction of the contract, and is entitled to great weight in determining the question of intent. As a rule, when the parties to a contract have so acted in relation to any of its provisions as to show their understanding of them, and this course of action has continued for a long time, the court will adopt that understanding unless the language of the contract is clearly incapable of such construction. *Newmarket Mfg. Co.* v. *Pendergast,* 24 N. H. 54, 66; *Winnipiseogee etc. Co.* v. *Perley,* 46 N. H. 83, 108. Its language and the acts of the parties both show that this contract was to terminate at the end of five years.

The defendant agreed to give the plaintiffs seven and one half per cent of all premiums collected by him upon policies written in the New Hampshire Company while the contract was in force, but failed to keep this agreement as to policies written between August 1, 1883, and February 19, 1885, when the contract ceased to be in force. The intention of the parties is generally the test to determine whether a promise to pay a fixed sum of money for any default in the performance of a contract is in the nature of a penalty or of liquidated damages. *Hurd* v. *Dunsmore,* 63 N. H. 171; *Houghton* v. *Pattee,* 58 N. H. 326; *Davis* v. *Gillett,* 52 N. H. 126; *Mead* v. *Wheeler,* 13 N. H. 351; *Brewster* v. *Edgerly,* 13 N. H. 275; *Chamberlain* v. *Bagley,* 11 N. H. 234. A promise to pay a large sum of money in the event of a default in the payment of a much smaller sum is, however, an exception to this rule, for the *law* makes *interest* the measure of damages for failure to pay money when it is due, and will not permit parties to avoid the usury laws in this way. *Mead* v. *Wheeler, supra.* Such a promise will be treated as a penalty and not as liquidated damages.

The purpose of a penalty is to insure the performance of a contract, and not to fix the measure of damages which may be recovered for a breach of it; and except in actions to recover the penalty, the injured party can recover the full amount of his damages. *Brown* v. *Bellows,* 4 Pick. 179; *Foley* v. *McKeegan,* 44 Ia. 1,— 66 Am. Dec. 107, 113, note. Hence it follows that the plaintiffs can recover in this action their share of all premiums collected by the defendant while the contract was in force, although the amount exceeds three hundred dollars.

The parties were joint owners of the business at the time when

the contract ceased to be in force, and the defendant, having appropriated the plaintiffs' share, must account to them for its value at the time he converted it.    He contracted to do this, and even if he did not he must still do it; for when one joint owner appropriates common property, he must account to his cotenant for all he has used in excess of his share.    *Gage* v. *Gage*, 66 N. H. 282.

The defendant's claim that the plaintiffs have been guilty of laches has no foundation, for the case does not find this fact and the only evidence of it is their delay in bringing this action; and mere delay for any time short of that prescribed by the statute of limitations, which in this case is twenty years (P. S., *c.* 217, *s.* 4), does not as a matter of law constitute laches.    *Leaird* v. *Smith*, 44 N. Y. 618, 625.

The defendant was under no legal obligation to account to the plaintiffs, either for their share of the premiums which he had collected or of the business which he had converted, until they demanded such an accounting, so until that time neither claim would carry interest.    As no demand was made previous to the beginning of this action, the plaintiffs can recover interest only from that date.

*Case discharged.*

BLODGETT, C. J., did not sit: the others concurred.