Belknap, ⎱
Oct. 6, 1908. ⎰

## DAME *v.* WOOD.

Where complete execution of a contract for the installation of a heating plant
  has been rendered impossible without fault of either party, the contractor
  is entitled to compensation for labor performed and materials furnished, if
  both parties understood that the portions of the apparatus put in place in
  accordance with the contract were affixed to the realty and became the
  property of the owner thereof.

A prevailing plaintiff in an action of assumpsit is in any event entitled to
  interest from the date of the writ, although his claim was for unliquidated
  damages.

ASSUMPSIT, to recover for labor performed and materials fur-
nished under a contract for the installation of a heating plant in
the defendant's dwelling-house.   Trial by jury and verdict for the
plaintiff for $512.38.   Transferred from the November term, 1907,
of the superior court by *Stone*, J.

The plaintiff contracted with the defendant to put into the lat-
ter's house a heating apparatus, consisting of a boiler, radiators,
piping, and other appliances and fixtures, and the defendant agreed
to pay $587.90 upon the completion of the work.   When the
plaintiff had affixed to the realty materials of the value of $466.38,
by an expenditure of labor amounting to $46.80, the building and
its contents were destroyed by fire.

The defendant excepted to the denial of his motions for a non-
suit and the direction of a verdict in his favor, and to the refusal
of the court to give certain requested instructions.   The defend-
ant objected to an allowance of interest, on the ground that the
action was for unliquidated damages.   A verdict having been
returned for the amount of the plaintiff's damages, it was agreed
that interest should be computed thereon from the date of the
writ, or from the date of judgment, in accordance with the deci-
sion of the supreme court.

*Walter S. Peaslee* and *Cox & Fowler*, for the plaintiff.

*Stephen S. Jewett*, for the defendant.

YOUNG, J.   The first time this case was before the court it was
said the plaintiff could not recover unless he showed that the
parties must have understood the heating apparatus was to be
accepted from day to day as the work progressed.   *Dame* v. *Woods*

73 N. H. 222, 224. What must be intended by this is that he can recover if he shows that the boiler, radiators, and piping became a part of the defendant's real estate at the time they were put in place; for the theory of that decision is that the plaintiff cannot recover unless he proves he has conferred a benefit on the defendant. The only possible way to do that is to show that so much of the heating apparatus as was put in place before the fire was the defendant's property, because he neither has used nor can use it for the purpose for which it was intended. Therefore, the test of the defendant's liability is to inquire whether the different units that went to make up the completed heating plant became a part of the defendant's real estate when they were put in place. This depends on the intention of the parties (*Dana* v. *Burke*, 62 N. H. 627, 629) and is clearly a question of fact; but it does not follow that its determination raises an issue for the jury.

Both parties testified that they understood, "at the time the contract was made and thereafter, that from day to day as the work progressed, as fast as any portion of the boiler, piping, and radiators had been set up and connected in its proper place, it was not thereafter to be removed." They understood that when any part of the heating apparatus was put in place, it was affixed to the defendant's real estate and became his property if it was what the contract called for. That is, the parties testified that their intention as to when the different parts of the heating plant should become the property of the defendant was just what the court, in the first opinion, said it could be found to be, if it was found "that the removal of the boiler, radiators, and piping before they were destroyed by fire was not reasonably possible." The defendant does not contend that the parts of the heating plant which had been installed were not what the contract called for; consequently the plaintiff is entitled to recover the value of the labor done and materials provided at the time of the fire, measured in the terms of the contract. *Britton* v. *Turner*, 6 N. H. 481.

The next question to be considered is the exception to the court's refusal to instruct the jury that the measure of damages was the amount the defendant was benefited by what the plaintiff had done. Although this may be sound as an abstract legal proposition, it was not error for the court to refuse to give it. As has been seen, the plaintiff was entitled to recover such a part of the contract price as the work and materials he had done and furnished was of the work and materials he agreed to perform and provide. This seems to have been the theory on which the question of damages was submitted to the jury.

The only other question to be considered is that of interest. It is the general rule that when no time is fixed for the payment of

money due and owing it is payable on demand, and bears interest from and after a demand made. *Morrill* v. *Weeks*, 70 N. H. 178, 181. Consequently, the test to determine whether a claim carries interest before it is reduced to a judgment is not to inquire whether it is liquidated, but whether it is due; for interest is given as damages for the failure to pay money at the time it is due. *Wright* v. *Company*, ante, 3.

*Exceptions overruled.*

PARSONS, C. J., was in doubt: the others concurred.