Cheshire,
Nov. 7, 1911.

## ANDERSON & a. v. SHATTUCK.

Where a contract to erect a building for a specified sum is terminated by unavoidable fire, and complete performance is thereby rendered impossible without fault of either party, the builder is entitled to such part of the stipulated price as the work actually done bears to the whole work agreed to be performed, and is not chargeable with the amount it would have cost at the date of the fire to complete the building according to the terms of the contract.

Where a building in process of erection is destroyed by fire four days after it should have been finished according to contract, the owner is not entitled to recover of the contractor, who is in no fault for the fire, for prospective rents from that date to the time when the building, if it had not been destroyed, might have been completed.

A builder who receives as compensation for partial performance of a contract the proper fractional part of the sum agreed to be paid for the whole work cannot recover specifically for extra materials provided under a supplementary contract, the cost of which was included in the original price.

Where a building contract provides that fire insurance to be maintained by the owner on all work incorporated in the building and materials for the same, in or about the premises, shall be payable to the parties as their interest shall appear, the builder, in the event of loss, is entitled to receive from the avails of the policy the balance due him under the contract and the value of lumber upon the premises intended to be used in the work, but not incorporated therein nor included in an estimate of materials furnished.

ASSUMPSIT, to recover for work done and materials furnished in the partial erection of an addition to the defendant's hotel. Trial at the October term, 1910, of the superior court before *Mitchell*, J., who reported his findings and rulings with the parties' exceptions thereto.

In October, 1908, the parties entered into a written contract by which the plaintiffs agreed to provide the materials and perform the work necessary for the erection of certain additions to the defendant's hotel, according to specifications furnished by an architect, and to complete the work by June 15, 1909. For this the defendant agreed to pay the plaintiffs $10,762.50, partial payments to be made at various times during the progress of the work. Certain supplementary contracts were afterward made for additions, etc., for which the defendant was to pay the plaintiffs $496.05, making the whole contract price $11,258.55. It was also stipulated that the

defendant should maintain insurance on the building against loss by fire, "payable to the parties as their interest may appear."

The plaintiffs not having completed their contract on June 15, as they had agreed, continued to work on the building with the knowledge of the defendant until June 19, when both the old and the new parts of the hotel were entirely destroyed by fire, without the fault of either party. It is found as a fact that the effect of the fire was to terminate the contract, according to the understanding of the parties. At this time a substantial part of the new structure was incomplete and not ready for occupancy.

The fair value of the labor and materials incorporated in the building by the plaintiffs was $10,764.58. The fair value of the labor and materials that would have been required to complete the building as it stood on the day of the fire was $2,500. The plaintiffs also claimed to recover for four mantels which were completed at that time, but which had not been taken from the manufactory where they were built; but the court ruled that as they had not been attached to the building the plaintiffs could not recover therefor, and they excepted. The court also ruled, subject to the plaintiffs' exception, that for the work and materials they had furnished they were entitled to recover the difference between the whole contract price and the cost that would have been incurred in completing the building according to the contract, less certain payments the defendant had made, amounting to $5,484.15.

The defendant claimed that he was entitled to damages for loss of prospective rents resulting from the failure of the plaintiffs to finish the building by the time stipulated in the contract. This claim the court denied, and the defendant excepted. Certain other small items were allowed in set-off, amounting to $408.44.

By an amendment, the plaintiffs were allowed to file a bill in equity for relief under the contract of insurance. Lumber of the plaintiffs of the value of $185.42, which was upon the premises, was destroyed by the fire. As it had not been attached to the building, the court denied the plaintiffs' claim to recover in the action at law on this account, and they excepted. It was not included in the estimated value of the materials used in the building. The question whether it could be recovered from the insurance money collected by the defendant was reserved.

*James H. McMahon* (of Massachusetts) and *Cain & Benton* (*Mr. Benton* orally), for the plaintiffs.

*Henry A. Cutter* and *Charles H. Hersey* (*Mr. Cutter* orally), for the defendant.

WALKER, J.   At the time of the fire the plaintiffs were engaged in constructing the building under the contract, with the acquiescence and consent of the defendant, although the time limited in the contract for the completion of the building had expired four days before.   The fact that the time limit had expired does not affect the legal theory, in accordance with which the plaintiffs' right to recover for the benefits they had conferred upon the defendant must be determined.   The plaintiffs, with the assent of the defendant, were rightfully engaged in the prosecution of the work at the time of the fire.   They had already performed a substantial part of the work they contracted to do, when the fire destroyed the buildings with the attendant result of terminating the contract in accordance with the understanding of the parties when they executed it.   In accordance with the decision in *Dame* v. *Woods*, 73 N. H. 222,—*S. C.*, 75 N. H. 38, it is found that the labor and materials actually furnished by the plaintiffs were attached to the defendant's real estate as the work progressed and constituted a benefit to the defendant for which the plaintiffs are entitled to recover.   Upon this point there is no contention.   The principal question presented relates to the rule or principle by which the plaintiffs' recoverable damages shall be determined.

It is necessary to bear in mind that the plaintiffs' action at law is not based upon a breach of the written contract by the defendant. There has been no breach of the express contract by the defendant, and neither party is in fault for the fire which put an end to the contract and caused the situation now existing between the parties. But justice does not require that they should remain in that situation, or that the contractors should be remediless, merely because they cannot maintain an action against the defendant upon the contract.   As was said in *Dame* v. *Woods*, 73 N. H. 222: "This proceeding is not an action upon the special contract, but of *quasi*-contract, to recover the benefits, if any, which the plaintiff may have conferred upon the defendant by his part performance of the special contract."   In cases where the part performance results from the plaintiff's breach of the contract, as by his voluntary

failure to fully perform the work he agreed to do, he is entitled to recover what the benefits conferred upon the defendant are reasonably worth estimated upon the basis of the agreed price for the entire work, less any damage suffered by the defendant in consequence of the plaintiff's breach of the special contract (*Danforth* v. *Freeman*, 69 N. H. 466, 468; *Hutt* v. *Hickey*, 67 N. H. 411; *Chartier* v. *Marshall*, 56 N. H. 478; *Horn* v. *Batchelder*, 41 N. H. 89; *Britton* v. *Turner*, 6 N. H. 481); and in some cases the sum the defendant should pay the plaintiff may be "conveniently ascertained by deducting from the contract price" (*Danforth* v. *Freeman, supra*) the cost of completing the work. *Horn* v. *Batchelder, supra.*

Subject to the plaintiffs' exception, the superior court in accordance with this rule determined the amount of the defendant's liability by deducting from the contract price for the whole work the amount it would have cost at the date of the fire to complete the building according to the terms of the contract. While the plaintiffs were not entitled to recover the whole contract price without diminution, they were not chargeable with the cost of completing the building, unless they had in some way broken their contract and caused such damage to the defendant. The charge of $2,500 which represents the cost of completing the work could only be sustained on the ground that it represented the defendant's damages caused by the plaintiffs' failure to finish the building. But the plaintiffs committed no. breach of the contract in this respect. The damage to the defendant, whatever it was, was caused by the fire for which no one is responsible. "In such a case neither party is in fault, and therefore is not responsible to the other for failing to fulfil. In a recovery on a *quantum meruit* there is an apportionment of so much of the agreed compensation to the contractor as he has earned in what he has done; he recovers such part of the entire amount as is equal to the part he has performed of the whole contract." 3 Suth. Dam., *s.* 709. If there had been no fire, and the plaintiffs without any reasonable excuse had abandoned the contract and refused to finish the work, they might have been liable to the defendant for what it would cost to complete the building; but such liability would result from the plaintiffs' breach of the contract, which is wanting in this case.

Nor is this a correct method of ascertaining the benefits which the plaintiffs had conferred upon the defendant. If the contract price for the whole work was less than its reasonable cost, which seems to be the fact, it would clearly be inequitable to the plaintiffs

to deduct from the contract price the cost of completing the work. Justice would require that the sum deducted should bear the same relation to the cost as the contract price does. Upon such a theory the plaintiffs would receive, for the work and materials rendered to and accepted by the defendant, pay for the same regulated and determined by the contract price for the whole work; and that is evidently what they are entitled to. To state the same idea in another and more practical way, "the plaintiff was entitled to recover such a part of the contract price as the work and materials he had done and furnished was of the work and materials he agreed to perform and furnish." *Dame* v. *Wood*, 75 N. H. 38, 39.

It only remains to ascertain how this ratio is to be determined. It is found in the case that the cost of the work and materials actually furnished and appropriated in the building is $10,764.58. If $2,500, the cost of finishing the building, is added to that sum, the entire cost of the completed structure would appear to be $13,264.58. By a simple process of division $(10,764.58 \div 13,264.58)$ it would further appear that the plaintiffs at the time of the fire had furnished to the defendant $81\frac{1}{8}$ per cent approximately of the work and materials they had agreed to furnish; consequently they should receive $81\frac{1}{8}$ per cent of the whole contract price ($11,258.55), or $9,138.19. This may not be the only way of ascertaining what part of the work had been done at the time of the fire, but upon the facts reported it seems to be a reasonably convenient and accurate method. By any correct method the same result would follow. From the amount thus determined should be deducted payments made by the defendant ($5,484.15) and sundry other items ($408.44) about which there is no dispute, when the balance due the plaintiffs would be $3,245.60. As the plaintiffs are entitled to recover such part of the agreed price as the work actually done bears to the whole work agreed to be done, it is manifest error to compute the amount of their recovery by a smaller ratio of the contract price. As already shown, the fundamental error of the superior court consists in charging the plaintiffs with the damages caused, not by them, but by the unavoidable accident of the conflagration which destroyed the defendant's property.

But the defendant insists that he should have damages, by way of set-off, for the plaintiffs' failure to complete the work by June 15, 1909. He says that he was entitled under the contract to a completed building on that date, and that his damages on this account are the loss of profits he would have received from renting the

premises from that date up to the time when the building could by reasonable diligence have been made ready for occupancy. If it is conceded that there was a breach of the contract by the plaintiffs in this respect, they would be liable for only such damages as the defendant could prove at the trial naturally resulted from the breach. If it appeared that for any reason he suffered no damage on that account,—as, for instance, that the building if it had been completed was not rentable,—the fact that it was not completed on the day specified in the contract would not cause him any substantial injury. But even more clearly does this result follow when it is found that the building was totally destroyed by fire in four days after it should have been completed. It could not be rented because it did not exist. The fact that it was destroyed by fire is conclusive evidence negativing the idea that the defendant might have rented it if the plaintiffs had completed it on time. If the defendant's contention is sound that he is entitled to recover for loss of rents caused by the plaintiffs' failure to finish the building by June 15, he must show at least that the building was in existence during the period for which rent is claimed; he could not reasonably hope to succeed in this contention when he concedes that if the plaintiffs had performed their contract he would in all probability have had no building to rent. It is not seriously contended that the defendant would have had tenants occupying the building during the four days previous to the fire, or that he suffered any substantial damage by his non-occupation of the building during that brief period. It is unnecessary, therefore, to consider whether he waived his right to such damages. No error is apparent in the ruling of the court disallowing the defendant's claim for damages for loss of profits caused by the failure of the plaintiffs to complete the work on June 15.

The plaintiffs claim that the supplementary contract by which they were to furnish certain mantels of special dimensions for the defendant's building should be regarded as a distinct and independent contract, and that as they had procured them upon the defendant's order or request they should be allowed to recover for them, although they had not been placed in position, but remained in their possession. But there is nothing in the case to indicate that this supplemental contract, like several others, was not intended to be taken as a part of the original contract and to be subject to the same interpretation as though it had been incorporated in the contract in the first instance. The prices agreed upon for the extra work and

materials were intended to be added to the original contract price, which thus increased would constitute the full contract price for the entire work. And as the plaintiffs receive their compensation by taking a fractional part of the contract price, they are not entitled to recover specifically for articles they agreed to furnish under the contract.

Thus far we have considered the questions as they arise in the action at law. Under their bill in equity, the plaintiffs claim that they are entitled to recover the full value of the labor done and materials furnished by them out of the proceeds of the policies of insurance. This question is presented by the facts reported by the court, upon which no ruling was made. In the building contract the defendant agreed to keep the building insured during the progress of the work against loss or damage by fire, the "policies to cover all work incorporated in the building and of materials for the same, in or about the premises, and to be made payable to the parties . . . as their interest may appear." The defendant took out policies covering the property mentioned in the contract, in the joint names of himself and the plaintiffs, to the amount of $7,500, and also policies in his own name for $14,000. These amounts have been paid or deposited by the companies, subject to the order of the court as to the rights of the plaintiffs therein. The plaintiffs' contention rests upon the construction to be put upon the phrase in the contract, "as their interest may appear." Is the plaintiffs' interest to be measured by the cost of the labor and materials actually furnished by them, or by the price agreed upon in the contract? The answer to this question depends upon the intention of the parties as evidenced by the contract. The parties understood that from day to day as the work progressed the materials incorporated in the building, together with the attendant labor, constituted material additions to the defendant's real estate. The plaintiffs were not the owners of the materials after they were attached to the defendant's building, and of course they had no interest in it as owners. Their claim to the insurance money, therefore, cannot be sustained upon that ground. Upon a reasonable construction of the contract, it is clear that the parties had in mind the plaintiffs' lien on the building for work and materials furnished by them, and the value of this lien would vary according to the amount of work done and the payments the defendant might make on account. If at the time of the fire the defendant had paid the plaintiffs all that it is now found they were then entitled to, they

would have had no insurable interest in the property and would have been entitled to no part of the insurance money. Their lien would have been discharged, as a mortgagee's lien is discharged by the payment of the mortgage debt. As the parties merely intended by means of the insurance to protect the plaintiffs against loss by the destruction of the building by fire, in which their only legal interest was that of a lienor, the value of their insurable interest at the time of the fire must be determined by the contract price, which is the measure of the protection afforded by the lien. No other result is possible upon a reasonable construction of the contract. The plaintiffs are not entitled to receive from the insurance fund an amount equal to the cost of their work and materials incorporated into the building, but only so much as is due them therefor under the contract from the defendant, which has already been determined in the action at law.

The court ruled, subject to the plaintiffs' exception, that they were not entitled to be reimbursed from the insurance money for the value of some lumber which they had brought to the premises to be used in the construction of the building and which was burned at the time of the fire. The agreement provided for insurance upon materials "in or about the premises." The lumber was about the premises, was owned by the plaintiffs, and was intended for, but had not been used in or attached to, the building. The lumber seems to fall within the description of the property to be insured; and as the plaintiffs' interest in it appears to be that of an owner, no reason is apparent why under the contract for insurance they are not entitled to receive from the insurance fund the fair value of it. The ruling of the court upon this point cannot be sustained.

Upon a revision of the findings in accordance with the views herein expressed, there will be judgment for the plaintiffs.

*Case discharged.*

All concurred.