CENTRAL TRUST Co. and others *v.* WABASH, ST. L. & P. RY. Co.
(HANNIBAL & ST. J. R. Co., Intervenor.)

(*Circuit Court, E. D. Missouri, E. D.* June 3, 1887.)

CONTRACT—ENFORCEMENT—ACT OF GOD.
    A railroad company contracted to pay a sum equal to one-third of all expenditures necessarily incurred in, by, or through the "operation, maintenance, renewal, repairs, or protection" of a certain bridge. The bridge was partially blown down by a cyclone. *Held*, that it was liable for one-third the amount expended in putting it in repair, notwithstanding the fact that the injury to the bridge was from an act of God.

In Equity. Exceptions to master's report.
*Wells H. Blodgett*, for receivers.

*Hitchcock, Madell & Finkelnberg,* for intervenor.

THAYER, J., (*orally.*)   In the matter of the petition of the *Hannibal & St. J. R. Co.* v. *Wabash, St. L. & P. Ry. Co.*, it appears that the defendant contracted with plaintiff for a right of way over the bridge across the Missouri river at Kansas City, and agreed to pay, as a rental, $4,000 per month, and, in addition, "a sum equal to one-third of all expenditures necessarily incurred by the said Hannibal & St. Joe Railroad Company in, by, or through the operation, maintenance, renewal, repairs, or protection of said bridge and approaches, including all taxes thereon, such payments to be made on the thirtieth day of each succeeding month after such services or expenditures shall accrue." It furthermore appears that one span of the bridge was subsequently blown down by a wind storm or cyclone, and the sum of $22,575.47 was expended by plaintiff in putting it in repair; one-third of which amount, to-wit, $7,525.16, the Wabash, St. Louis & Pacific Railway Company was called upon to pay.   It declined to pay the same upon the ground that the injury to the bridge was occasioned by an act of God, and that, under the covenant above recited, it was not liable for the repair of any injuries that were so occasioned.

The general rule is that, where an obligation or a duty is imposed upon a person by law, he will be absolved from liability for non-performance of the obligation, if such non-performance was occasioned by an act of God.   This rule is illustrated in the case of common carriers. The rule, however, is just as clear that, when a man undertakes by an express contract to do a given act, he is not absolved from liability for non-performance, even though he is prevented from doing the same by an act of God.   In that class of cases, if a person desires to absolve himself from liability for non-performance under any circumstances, he should so stipulate in his contract.   In this case no exception whatever was made in the contract.   The defendant broadly contracted to pay one-third of all expenses that might be incurred, not only in repairing the bridge, but in the renewal thereof.   Having made such covenant without any limitations, it is clearly liable to pay its proportion of the expense of repairing an injury that was occasioned, even by a cyclone.

The report of the master, holding the lessee to the performance of the full measure of its obligation, is correct.   The exceptions will therefore be overruled, and the report of the master will be confirmed.   *Vide Gathwright* v. *Callaway Co.*, 10 Mo. 664; *Davis* v. *Smith*, 15 Mo. 468; *Brecknock Nav. Co.* v. *Pritchard*, 6 Term R. 750; Tayl. Landl. & Ten. par. 667.