JESSIE R. GUTTERSON *vs.* INA M. GUTTERSON *et al.*

Argued June 17, 1892. Decided June 27, 1892.

**A Life Insurance Policy Construed.**

 *Richmond* v. *Johnson*, 28 Minn. 447, followed,—that, where a member of an association holds its certificate or contract to pay a specified sum at his death to such person as he shall designate, and the by-laws of the association give him the power at any time to change the designation, not requiring the consent of the person first designated, the latter has but a bare expectancy, which ceases upon the death of that person during the life of the person so insured.

Appeal by defendants, Ina M. Gutterson and others, from an order of the District Court of Steele County, *Buckham*, J., made January 14, 1892, overruling their demurrer to the complaint.

The plaintiff, Mrs. Jessie R. Gutterson, brought this action August 6, 1891, against the Minnesota Masonic Relief Association to recover $2,000. This corporation before answering deposited the money in court, and filed an affidavit that Ina M. Gutterson and others also claimed the money. They were thereupon substituted in its place pursuant to 1878 G. S. ch. 66, § 131. From the complaint as amended it appeared that Alonzo C. Gutterson on May 28, 1877, be-

came a member of the Relief Association and received a certificate that he was entitled to its benefits. Its by-laws provided that on the death of a member, his widow, or designated heirs, should receive not exceeding $2,000 out of its endowment fund. Members were required to designate in their application for membership the person to whom the money should be paid. They could change such designation at any time by requesting it in writing, and paying in a fee of one dollar, and obtaining the consent of its board of directors. In case no designation was made, then the money was payable to the widow. If no widow survived, then to the children.

Alonzo C. Gutterson designated his then wife, Nancy S. Gutterson. She died November 24, 1882, leaving Ina M. Gutterson and the other substituted defendants, her children and heirs. Alonzo C. Gutterson on November 3, 1887, married the plaintiff. He died December 30, 1890, without having changed his designation of a beneficiary. The defendants, children of the deceased, demurred to the complaint, claiming the money as next of kin to their mother. The demurrer was overruled and they appealed.

*Wheelock & Sperry,* for appellants.

*Stevens, O'Brien & Glenn,* for respondent.

GILFILLAN, C. J. This case is controlled by the decision in *Richmond* v. *Johnson,* 28 Minn. 447, (10 N. W. Rep. 596.) Whether the Masonic Relief Association was a mutual life insurance company, or a mutual benefit society, whatever the difference between the two may be, is of no importance. The question is, what was the contract with the association, and what was the effect of the designation by the person whose life was insured of his wife, Nancy S. Gutterson, as the person to receive the sum payable on his death, and of her death during his life? In this case, as in the case cited, the husband, under the by-laws of the association, might at any time, without the consent of the person first designated, change the designation. While this was so the person designated had but a bare expectancy, which is not property, and which, of course, ceased upon her death.

Order affirmed.

(Opinion published 52 N. W. Rep. 530.)