## G. W. Anderson *vs.* L. L. May.

Argued June 8, 1892. Decided June 27, 1892.

### A Contract Construed—Performance not Excused.

Upon a contract to raise, sell, and deliver a specified quantity of beans of various kinds, no particular land upon which they were to be raised being specified, *held*, the fact that unexpected early frosts so far destroyed the party's crop that he could not deliver the whole quantity specified did not excuse his nonperformance of the contract.

Appeal by defendant, L. L. May, from an order of the District Court of Ramsey County, *Kelly*, J., made January 2, 1892, refusing a new trial.

The plaintiff, G. W. Anderson, was in the business of raising and selling seeds at Red Wing, Minnesota. On March 7, 1890, May, a seedsman at St. Paul, ordered 591 bushels of beans of different varieties, to be raised by Anderson and delivered to May at St. Paul by November 15, 1890. After some correspondence as to price and seed and time of delivery, the order was accepted. Anderson delivered but 152 bushels and brought this action to recover $287.66, the price, less $63.14, the value of seed he had received from May.

The defendant answered setting up the contract and plaintiff's failure to perform, and claimed $1,100 damages. At the trial plaintiff contended that he was excused from performance on the ground that an early and unusual frost in the month of September had destroyed most of his crop, and for that reason he was unable to furnish the full amount of beans ordered. He contended that he was thus without fault on his part prevented from performing, by act of God. The jury gave plaintiff a verdict for $234.80. Defendant moved for a new trial, and being denied, appealed.

*H. J. Horn* and *E. A. Horn,* for appellant.

The plaintiff showed no valid excuse for his nonperformance of the contract in question. If a party contracts to perform an act

which turns out to be impossible, he is not relieved from the performance, or from the consequences of his default, and must respond in damages. *Dermott* v. *Jones*, 2 Wall. 1; *Paine* v. *Sherwood*, 21 Minn. 225; *Cowley* v. *Davidson*, 13 Minn. 92, (Gil. 86.)

The contract contained no exception or condition by which such a casualty as frost would relieve the plaintiff from performance. In the absence of such exceptions, expressed or implied, it is no excuse that a contract has become impossible by an accident or event of this nature. *Atkinson* v: *Ritchie*, 10 East, 533; *Harmony* v. *Bingham*, 12 N. Y. 99; *West* v. *Uncle Sam*, 1 McAllister, 505; *School District No. 1* v. *Dauchy*, 25 Conn. 530; *Bunn* v. *Prather*, 21 Ill. 217; *Davis* v. *Smith*, 15 Mo. 467; *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417; *Central Trust Co.* v. *Wabash, etc., Ry. Co.*, 31 Fed. Rep. 440.

*J. C. & W. H. Michael*, for respondent.

Of all the cases in the books, the one which bears the most striking similarity to the case at bar is that of *Howell* v. *Coupland,* L. R. 9 Q. B. 462; affirmed 1 Q. B. Div. 258.

The evidence shows, and the jury must have found, that plaintiff planted in the spring of 1890, a sufficient quantity of seed to produce, with a fair average yield, at least as many bushels of each variety as he contracted to sell to defendant. There is no question but that plaintiff properly tended his crop and took every precaution to produce a good one. Early in September there came a killing frost which ruined the crop. Plaintiff delivered his entire crop to defendant, thus performing his contract as well as he possibly could. It was entirely proper to submit to the jury the question whether or not the contract had been rendered impossible of complete performance, through the act of God, without negligence or default on the part of plaintiff.

This contract was subject to the implied condition that (plaintiff being without fault) performance should be excused if the crop, through natural causes, should prove insufficient to make performance possible. 2 Benj. Sales, (4th Am. Ed.) § 862; *Taylor* v. *Caldwell*, 3 B. & S. 826; *Rugg* v. *Minett*, 11 East, 210; *Appleby* v. *Mey-*

*ers,* L. R. 1 C. P. 615; *Robinson* v. *Davison,* L. R. 6 Ex. 269; *Dexter* v. *Norton,* 47 N. Y. 62.

GILFILLAN, C. J.   The defendant having alleged as a counterclaim a contract in June, 1890, between him and plaintiff, whereby the latter agreed to sell and deliver to the former, on or before November 15th, certain quantities of specified kinds of beans, and that he failed so to do except as to a part thereof, the plaintiff, in his reply, alleged in substance that the contract was to deliver the beans from the crop that he should raise that year from his market gardening farm near Red Wing.   Upon the trial the contract was proved by letters passing between the parties.   From these it fairly appears that the beans to be delivered were to be grown by plaintiff, though it cannot be gathered from them that he was to grow the beans on any particular land.   They contain no restriction in that respect. There can be no question that, if grown by him, and of the kinds and quality specified, defendant would have been obliged to accept the beans, though not grown on any land previously cultivated by plaintiff.   The contract, therefore, was, in effect, to raise and sell and deliver the quantities, kinds, and quality of beans specified,—a contract in its nature possible of performance.

As an excuse for not delivering the entire quantity contracted for, the plaintiff relies on proof of the fact that an early unexpected frost destroyed or injured his crop to such extent that he was unable to deliver the entire quantity.

What, in the way of subsequently arising impossibility for the party to perform, will suffice as excuse for nonperformance of a contract, is well settled in the decisions; the only apparent difference in them arising from the application of the rules to particular circumstances.   The general rule is as well stated as anywhere in 2 Chit. Cont. 1074, thus: "Where the contract is to do a thing which is possible in itself, or where it is conditioned on any event which happens, the promisor will be liable for a breach thereof, notwithstanding it was beyond his power to perform it; for it was his own fault to run the risk of undertaking to perform an impossibility, when he might have provided against it by his contract.   And

therefore, in such cases, the performance is not excused by the occurrence of an inevitable accident, or other contingency, although it was not foreseen by, or within the control of, the party." An application of this rule is furnished by *Cowley* v. *Davidson*, 13 Minn. 92, (Gil. 86.) What is sometimes called an "exception to the rule" is where the contract is implied to be made on the assumed continued existence of a particular person or thing, and the person or thing ceases to exist, as, where it is for personal service, and the person dies, or it is for repairs upon a particular ship or building, and the ship or building is destroyed. An agreement to sell and deliver at a future time a specific chattel existing when the agreement is made would come under this exception. The exception was extended further than in any other case we have found in *Howell* v. *Coupland*, L. R. 9 Q. B. 462. That was a contract to sell and deliver a certain quantity from a crop to be raised on a particular piece of land, and the entire crop was destroyed by blight. The court held the contract to be to deliver part of a specific thing, to wit, of the crop to be grown on a given piece of land, and held it to come within the rule that, where the obligation depends on the assumed existence of a specific thing, performance is excused by the destruction of the thing without the parties' fault. Without intimating whether we would follow that decision in a similar case, we will say that the case is unlike this, in that in this case the plaintiff was not limited or restricted to any particular land. It was not an undertaking to sell and deliver part of a specific crop, but a general undertaking to raise, sell, and deliver the specified quantity of beans. We have been cited to and found no case holding that, where one agrees generally to produce, by manufacture or otherwise, a particular thing, performance being possible in the nature of things, he may be excused from performance by the destruction, before completion or delivery, of the thing, from whatever cause, except the act of the other party. Applications of the general rule, where the thing agreed to be produced was, before completion, destroyed without the party's fault, are furnished in *Adams* v. *Nichols*, 19 Pick. 275, 279; *School Dist.* v. *Dauchy*, 25 Conn. 530; and *Trustees* v. *Bennett*, 27 N. J. Law, 513, approved and followed

in *Stees* v. *Leonard*, 20 Minn. 494, (Gil. 448.)    Where such causes may intervene to prevent a party performing, he should guard against them in his contract.

Order reversed.

(Opinion published 52 N. W. Rep. 530.)