(64 Misc. Rep. 363.)

WHIPPLE v. LYONS BEET SUGAR REFINING CO.

(Supreme Court, Trial Term, Orleans County. July, 1909.)

1. CONTRACTS (§ 309*)—EXECUTORY CONTRACTS—NONPERFORMANCE—LIABILITY.
The rule that a contractor in an absolute executory contract is not excused by inability to perform, caused by unforeseen accident and misfortune, but must perform or pay damages unless he has protected himself against such contingency by stipulation in the contract, is subject to the rule that courts may imply a condition in a contract that a party is relieved from its terms when performance has without his fault become impossible where the parties contemplated at the time of the making of the contract that the condition which subsequently existed might arise

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and render performance impossible, thereby relieving the party from liability.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1444–1446; Dec. Dig. § 309.\*]

2. CONTRACTS (§ 309\*)—EXECUTORY CONTRACTS—NONPERFORMANCE—LIABILITY.
   A contract binding plaintiff to sow and grow eight acres of sugar beets and to follow the instructions of defendant, printed on the back of the contract as to cultivation, etc., and to deliver the beets to defendant, and stipulating that, in case of failure to live up to the contract, any loss of beets shall be adjusted on a basis of $25 an acre which shall be regarded as liquidated damages, prepared on defendant's printed forms containing minute instructions as to the proper method of planting, cultivating, etc., is a contract for a crop to be raised according to defendant's instructions, and is subject to the implied condition that, if the seeds planted fail to grow on a portion of the land selected in accordance with the instructions by reason of climatic conditions over which plaintiff has no control, performance will be excused.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1444–1446; Dec. Dig. § 309.\*]

Action by Watson H. Whipple against the Lyons Beet Sugar Refining Company. Judgment for plaintiff.

L'Hommedieu & Whedon, for plaintiff.

Chas. P. Williams, for defendant.

POUND, J. Plaintiff entered into a written contract with the defendant, dated May 27, 1907, to "sow sufficient seed on safe and suitable soil and grow" eight acres of sugar beets in the town of Ridgeway, Orleans county; to properly prepare the soil before sowing, and follow the instructions of the defendant printed on the back of the contract as to plowing, fitting, sowing, cultivating, weeding, thinning, plowing out, pulling, topping, etc., and to deliver the beets to the defendant in accordance with the terms of the contract. Defendant agreed to pay therefor at the rate of $5 the ton. The contract provided that:

"In case of failure to live up to this contract any loss of beets is to be adjusted on a basis of $25 an acre  \*  \*  \*  this to be regarded as liquidated damages for the breach thereof."

Plaintiff sowed eight acres according to contract, but there was a total failure of crop on four acres due to no default on the part of the plaintiff, but attributed to drought. Plaintiff delivered to defendant the crop raised by him of the contract value of $145.19, for which, less $78.95 advanced for seed, etc., he now sues. Defendant pleads as a counterclaim liquidated damages by reason of the failure of the crop on four acres to the amount of $100.

The question is as to the proper construction to be placed upon the liquidated damages clause above quoted. The general rule is that, where an absolute executory contract has been made, the contractor is not excused by inability to execute it, caused by unforeseen accident and misfortune, but must perform or pay damages unless he has protected himself against such contingency by stipulation in the contract. Thus it has been held that, under a contract to raise and deliver a specified quantity of beans, no particular land on which they are to be

raised being specified, destruction by unexpected early frosts of so much of the promisor's crop that he could not deliver would not excuse nonperformance. Anderson v. May, 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 Am. St. Rep. 642. But, as stated by Martin, J., in Herter v. Mullen, 159 N. Y. 44, 53 N. E. 705, 44 L. R. A. 703, 70 Am. St. Rep. 517:

"There are many cases where the courts have implied a condition in a contract to the effect that a party is relieved from its terms when the performance has without his fault become impossible. The principle upon which these cases are based is that, when the contract was made, the parties contemplated that the condition which subsequently existed might arise and render performance impossible, and that the implied condition is to be construed as a part of the existing contract and thus relieves the party from liability in case the condition arises."

Thus, when the contract was to deliver 200 tons of a particular crop of potatoes to be grown on a particular farm, and before delivery the crop was destroyed by blight, it was held that, as the thing to be delivered was liable to perish, there was an implied condition that, if the delivery became impossible, owing to the thing perishing without default of the seller, he would be excused. Howell v. Coupland, L. R. 9 Q. B. 462. The contract in suit is not a contract to deliver a certain quantity of beets absolutely, nor, on the other hand, is it, in terms, a contract to deliver a specific crop merely. The language is broad enough to be construed as an absolute agreement to grow eight acres of beets in the town of Ridgeway, and deliver them to the defendant.

Nevertheless, the contract is prepared on one of the defendant's printed forms, and contains the minutest instructions from the defendant as to the proper soil, method of planting, cultivating, delivery, etc. Plaintiff has "lived up to" his contract by following all these instructions. The reasonable inference is that it was the performance of these conditions only that the parties had in mind when the stipulation for liquidated damages was made, and that the contract is one for a crop to be raised according to defendant's specific instructions, and is subject to the implied condition that, if the seeds planted failed to grow on a portion of the land selected in accordance with such instructions by reason of drought or other climatic conditions over which the plaintiff had no control, performance would be excused.

Plaintiff is entitled to judgment. Decision accordingly.