[No. 8187.    Department One.    November 17, 1909.]

Odin Isaacson, *Respondent*, v. H. W. Starrett, *Appellant*.[1]

Sales—Contract—Action for Breach—Damages.  Upon breach
of a contract to deliver an engine within a specified time, damages
may be recovered, notwithstanding that performance was rendered
impossible by an earthquake and subsequent strikes of employees.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered December 2, 1908, upon findings
in favor of the plaintiff, after a trial before the court with-
out a jury, in an action on contract.  Affirmed.

*Roberts, Battle, Hulbert & Tennant*, for appellant.

*Reynolds, Ballinger & Hutson*, for respondent.

Morris, J.—Action to recover damages for failure to de-
liver a gas engine within the time provided for in the con-
tract of purchase.  The complaint alleged that, on January
16, 1906, the parties hereto entered into a parol contract,
whereby appellant agreed to deliver to respondent, within
sixty days, a thirty-horse power, standard gas engine, for
the price of $1,625, of which sum $825 was paid in cash, and
the balance was to be paid upon delivery.  No delivery being
made, action was commenced in April, 1907, to recover dam-
ages for the breach.  Appellant admitted the sale of the en-
gine, but denied any agreement to deliver same within sixty
days, or any other fixed time, and set forth delivery was to be
made within a reasonable time; that the engine was to have
been manufactured by the Standard Gas Engine Company,
of San Francisco, and that its delivery within a reasonable
time was prevented because of the earthquake of April 18,
1906, which destroyed the manufacturing plant, and that
subsequent strikes among the employees of the engine com-
pany further interfered with a delivery; that respondent,
knowing of these facts, refused to cancel the order, but, de-

[1]Reported in 104 Pac. 1115.

siring a Standard engine, expressed his willingness to wait until same could be furnished. This affirmative matter being denied in the reply, a trial was had to the court, resulting in judgment for respondent for $690, and this appeal follows.

The $825 paid by respondent as part payment on the engine was repaid him September 14, 1906, at which time it seems to have been admitted by both parties that the engine would not be furnished. The errors complained of are the findings made by the court and its refusal to make those suggested by appellant, it being contended that respondent could have obtained a number of other suitable engines at any time, and his damage, if any, was caused solely by his desire to have an engine of this particular make in his boat. We cannot understand upon what theory this could be a defense to the breach of the contract to deliver within the sixty days, except in so far as it might have been the respondent's duty to minimize his damages. It appears, however, to be abundantly established by the evidence that, up to September 1, appellant made frequent promises to furnish the engine, and that the repayment of the $825 on September 14 was the first recognition of the fact by the parties that the engine would not be furnished. If the contract was as found by the court, and the evidence strongly supports such finding, the failure to deliver within the time breached the contract, and if, as contended by appellant, his performance was impossible because of subsequent happenings, he was nevertheless liable to respondent for his breach. Having assumed under his contract to deliver within a stipulated time, he was bound to make such delivery. He could have protected himself in the contract had he desired to do so, but having failed to do so, he must be held answerable for the damages caused respondent because of the broken contract to deliver. *School District No. 1 v. Dauchy*, 25 Conn. 530, 68 Am. Dec. 371, where the court says:

"We believe the law is well settled that if a person promises absolutely, without exception or qualification, that a certain

thing shall be done by a given time, or that a certain event shall take place, and that the thing to be done or the event is neither impossible or unlawful at the time of the promise, he is bound by his promise, unless the performance, before that time, becomes unlawful."

Further along in its opinion, the court cites Chitty on Contracts (5 Am. ed.), 60, and 2 Parsons on Contracts, 184, that:

"If a party by his own contract lay a charge upon himself, he is bound to perform the stipulated act, or pay damages for the noncompletion, unless the matter was at the time manifestly and essentially impracticable."

Such is the undoubted rule. *Anderson v. May*, 50 Minn. 280, 52 N. W. 530, 36 Am. St. 642, 17 L. R. A. 555; *School Trustees of Trenton v. Bennett*, 27 N. J. L. 513, 72 Am. Dec. 373; *Summers v. Hibbard, Spencer, Bartlett & Co.*, 153 Ill. 102, 38 N. E. 899, 46 Am. St. 872; *Central Trust Co. v. Wabash etc. R. Co.*, 31 Fed. 440; *Reichenbach v. Sage*, 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51.

No question is raised as to the amount of the recovery. From the evidence it would seem to be a very modest sum, as respondent lost the use of his boat for the ensuing fishing season.

Judgment affirmed.

RUDKIN, C. J., GOSE, FULLERTON, and CHADWICK, JJ., concur.