# Taulbee v. McCarty.

(Decided June 13, 1911.)

## Appeal from Breathitt Circuit Court.

Contract—Building House For Lump Sum—Burning Before Comple-
tion—Recovery—A contractor who agrees for a lump sum to raise
a house can recover nothing for the work done when the house
burns before he finishes the contract without fault of either
party and without his having been delayed by any fault of the
owner.

A. H. PATTON and G. W. FLEENOR for appellant.

O. H. POLLARD and M. H. HOLLIDAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

S. S. Taulbee owned a house in Jackson, Kentucky,
and made a contract with F. M. McCarty by which Mc-
Carty agreed to raise the house and put a new founda-
tion under it for $400. McCarty dug some trenches
around the house preparatory to raising it, and got out
the stone for the foundation which was to be put under
the house after it was raised. After he had done this,
and before he had begun raising the house, it acci-
dentally caught fire and burned down. He then brought
this suit against Taulbee to recover for the work he
had done. The house was destroyed without the fault
of either party, but McCarty claimed that Taulbee was
to furnish certain jacks to be used in raising the house;
that Taulbee delayed him in his work by his negligence
in furnishing the jacks, and that but for this he would
have completed the contract before the time the house
caught fire. The evidence is conflicting as to whether
Taulbee in the beginning agreed to furnish the jacks,
but conceding that McCarty's statement on the subject
is to be accepted we find that McCarty told Taulbee
that he could rent the jacks that would be necessary at
Lexington or Winchester; that Taulbee wrote there to
get them, but found that they were not to be had, and
that he then ordered the jacks from a merchant as soon
as he was requested from McCarty to do so. Under the
evidence we do not find that there was any delay on
Taulbee's part that could reasonably have been avoided

after he was notified by McCarty that he would have to buy the jacks. The arrangement being in the beginning that the jacks would have to be rented, Taulbee was entitled to a reasonable time to get them after that arrangement failed. The undisputed evidence is that he ordered them at once, and this was all that he could do under the circumstances. On these facts the circuit court gave judgment in favor of McCarty against Taulbee for $258, the value of the work which he had done in digging the ditches and getting out the rock for the job. Taulbee appeals.

We have read the record with much care and find that there is nothing in it to charge Taulbee with negligence in getting the jacks. While there was some delay in getting the jacks, this was from causes which Taulbee could not control. The burning of the house was an accident which neither of them anticipated, and there is no reason under the evidence for charging Taulbee, who had lost his house, with the loss that McCarty sustained on the ground that it was his fault that the jacks were not on hand. It remains to determine whether on a contract to raise a house the owner of the house is liable for what the contractor had done under the contract, when the house burns down before the work is in fact done on the house. There are a number of American cases holding that where a contractor agrees to perform work on property belonging to another and without the fault of either, the property is destroyed by fire or otherwise, before the work is completed, the contractor may recover on a quantum meruit for the services performed. (Cleary v. Sohier, 120 Mass., 210; Whelan v. Ansonia Clock Co., 97 N. Y., 293; Hollis v. Chapman, 36 Texas, 1; Cook v. McCabe, 53 Wis., 250.) On the other hand the contrary was held in England in Appleby v. Meyers, 16 L. T. N. S., 669. This view has been followed by the following American cases; Bromby v. Smith, 3 Ala., 123; Newman Lumber Co. v. Purdun, 41 Ohio St., 373; Fildew v Besley, 42 Mich., 100; Krause v. Carrothersville School Trustees (Ind.), 65 L. R. A., 111; Dame v. Wood, (N. H.), 70 L. R. A., 113; Siegel v. Eaton, 165 Ill., 550. The view taken by these cases is preferred by Judge Story (Story on Bailments, section 426b) by Mr. Bishop (Bishop on Contracts, section 588), and by the editor of the second edition of the

Am. & Eng. Encyc. of Law, Vol. 15, page 1090. It seems to us the sound rule on principle. Where a contract is an entirety, he who has not performed his contract cannot maintain an action upon it. Implied contracts are as a rule only maintained to prevent the enrichment of one person at the expense of another. As a rule there is no implied contract where no benefit has been received. The plaintiff here can not recover upon his contract because he has not performed it; he can not recover against Taulbee upon an implied contract for Taulbee has received no benefit from his work. The rock which McCarty got out is his and he can do as he pleases with it. The ditches which he dug were dug simply to facilitate his work in putting in the new foundation and are of no benefit to Taulbee now that the house is burned. If McCarty had undertaken to add a room to the house for $400, and before he had finished the addition, the addition only had burned leaving the old house intact, under all the authorities, McCarty could have maintained no action against Taulbee for the work he had done. We can not see that a distinction can be made between a case where the whole house burns and where only that part burns which the workmen is adding to the house. The fact that the remainder of the house also burned does not put the workman in a better position than if his work alone had burned. In this case McCarty had done no work on the house itself, and we do not see that he can be in a better position than he would be if he had undertaken to add a room to the house and the whole structure had burned before he had completed his contract or was entitled to demand anything of Taulbee under it. Of course a different rule applies where by the contract payments are to be made as the work progresses, and some of the cases above referred to turn on this distinction. It is sometimes said that there can be no recovery in such cases where the contract provides that nothing is to be paid by the owner until the work is completed. But no sound distinction can be maintained between such a contract and one like that before us where the owner is to pay a lump sum for certain work when completed. In such a case no money may be demanded of him until the contract is performed. The legal effect of the contract is that nothing is to be paid until the work is done. What is implied by law need not be expressed.

In 2 Parsons on Contracts, side page 658, the rule is thus stated:

"A partial performance may be a defense, pro tanto, or it may sustain an action, pro tanto; but this can be only in cases where the duty to be done consists of parts which are distinct and severable in their own nature, and are not bound together by expressions giving entirety to the contract. It is not enough that the duty to be done is in itself severable, if the contract contemplates it only as a whole."

Under the facts shown the contract being an entirety, and not performed, no recovery may be had for what was done under it.

Judgment reversed and cause remanded for a judgment dismissing the petition.