[Civ. No. 903.   First Appellate District.—April 26, 1912.]

## J. G. KEELING, Respondent, v. SCHASTEY & VOLLMER, a Corporation, Appellant.

BUILDING CONTRACT—PREVENTION OF PERFORMANCE—LOSS OF BUILDING BY FIRE—PROTECTON BY CONTRACT ESSENTIAL.—Where one contracts to furnish labor and materials in the building of a house or other structure for a specified sum, to be paid in installments, the builder cannot recover for a partial construction, in case the building is destroyed by fire, without the fault of either party, unless the builder is protected against such contingency by the terms of the contract.

ID.—OTHER CONDITIONS OF RECOVERY BY BUILDER FOR PREVENTION OF PERFORMANCE ENUMERATED—ACT OF GOD—FIRE NOT INCLUDED.— The builder can only recover for partial compensation when the full performance of his contract is prevented by the act of the other party, or by operation of law, or by the act of God, or of the public enemy. Fire is not to be classified as an act of God.

ID.—CONTRACT FOR WORK AND MATERIALS ON EXISTING BUILDING—IMPLIED CONDITION OF CONTINUED EXISTENCE—LOSS BY FIRE—ASSUMPSIT FOR REASONABLE VALUE.—Where one agrees to furnish work and materials upon an existing building, such as to do painting and plastering work thereon, such agreement is upon the implied condition that the building shall continue to exist, and its destruction by fire, without the fault of either party, will excuse the full performance of such agreement, and will entitle the agreeing party to recover the reasonable value of the work and materials in part performed, prior to the fire, upon an implied assumpsit.

ID.—ASSUMPSIT NOT UPON CONTRACT—TERMS OF CONTRACT NOT CONTROLLING.—An action will only lie upon such contract when it has been fully performed; but an action of assumpsit for work and materials furnished prior to the accidental loss of the building by fire, to recover its reasonable value, is not upon the contract, and the terms of the contract in this regard are not controlling.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Wright & Wright, for Appellant.

Louis H. Brownstone, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from a final judgment in favor of the plaintiff, taken within sixty days after entry, and from an order denying defendant's motion for a new trial, in an action in *quantum meruit* for labor performed and materials furnished.

Briefly, the facts are that in the month of June, 1907, the defendant entered into a contract with the Cliff House Company, a corporation, to alter and repair an existing building known as the Cliff House. Subsequently the defendant made a contract with A. C. Wocker, plaintiff's assignor, whereby certain painting and plastering work in and upon said building was to be done by the latter for a sum not exceeding

$4,700, and he was to accept payments on the basis of seventy-five per cent of the work done from time to time as the work progressed, the remaining twenty-five per cent being payable thirty-five days after its completion.

Prior to the time Wocker was able to complete his contract, and after he had furnished labor and materials of the reasonable value of $3,545.96, the building was destroyed by fire without the fault of either party to the contract. At this time Wocker had received on account a payment of $1,800. This suit is to recover $1,745, alleged to be the difference between the amount paid and the reasonable value of the work as it had progressed up to the time of the destruction of the building.

It is well settled that where one undertakes to furnish labor and materials in the building of a house or other structure for another for a specified sum, the builder cannot recover for a partial construction in case the building be destroyed without the fault of either party, unless the builder is protected against such contingency by the terms of the contract. In order to entitle the builder to recover, full performance of the contract is necessary, unless he has been prevented by the act of the other party, or by operation of law, or by the act of God, or by the public enemy (*Carlson* v. *Sheehan,* 157 Cal. 692, [109 Pac. 29]; *Green* v. *Wells,* 2 Cal. 584); and fire is not classified as an act of God. (*Pope* v. *Farmers' Union & Milling Co.,* 130 Cal. 139, [80 Am. St. Rep. 87, 53 L. R. A. 673, 62 Pac. 384].)

It is also very well established in this country that where one, as in this case, agrees to furnish labor and materials on an existing building, the property of another, the agreement is upon the implied condition that the building shall remain in existence, and that the destruction of it without the fault of either party will excuse performance of the contract by the person performing such labor, and entitle him to recover the reasonable value of the part performance already effected. This view, it appears, is contrary to the English doctrine (*Appleby* v. *Dods,* 8 East, 300; *Appleby* v. *Myers,* L. R. 2 C. P. 651); but it is the uniform rule in this country (30 Am. & Eng. Ency. of Law, 2d ed., p. 1251, and numerous cases cited), except in the state of Illinois. (*Huyett & Smith Mfg. Co.* v. *Chicago Edison Co.,* 167 Ill. 233, [59 Am. St. Rep. 272, 47 N. E. 384].)

In *Hollis* v. *Chapman,* 36 Tex. 1, a carpenter contracted to furnish the materials and to do the work on the defendant's brick building, then in course of construction, for a fixed sum of money, but before the work was completed the building was destroyed by fire without the fault of either party to the contract.   The action was to recover for the materials furnished and labor done, and it was held that the carpenter was entitled to recover.

So in *Cleary* v. *Sohier,* 120 Mass. 210, where the plaintiff made a contract to lath and plaster a certain building for an agreed price per square yard.   When the contract was about one-half performed the building was destroyed by fire.   The plaintiff sued in *assumpsit* for work done and materials furnished, and it was held that he was entitled to recover.

In *Niblo* v. *Binsse,* 3 Abb. Dec. (N. Y.) 375, 1 Keyes, 476, the plaintiff's assignor contracted to do certain plumbing work in a house owned by defendant's testator.   Part of the work was to be paid as it progressed, and the final payment upon its completion.   During the performance of the contract the building was burned without fault of the parties, and the plaintiff was permitted to recover for the work performed.   This case, like the others, proceeded on the theory that there was a breach of the implied undertaking by the owner of the continued existence of the building, which was necessary to enable the contractor to perform his agreement.

In the case of *Butterfield* v. *Byron,* 153 Mass. 517, [25 Am. St. Rep. 654, 12 L. R. A. 571, 27 N. E. 667], the court says: "When work is to be done under a contract on a chattel or building which is not wholly the property of the contractor and for which he is not solely accountable, as where repairs are to be made on the property of another, the agreement on both sides is upon the implied condition that the chattel or building shall continue in existence, and the destruction of it without the fault of either of the parties will excuse performance of the contract and leave no right of recovery of damages in favor of either against the other (citing cases).   In such cases, from the very nature of the agreement as applied to the subject matter, it is manifest that while nothing is expressly said about it, the parties contemplated the continued existence of that to which the contract relates.   The implied condition is a part of the contract as if it were written into it,

and by its terms the contract is not to be performed if the subject matter of it is destroyed, without the fault of either of the parties, before the time for complete performance has arrived." But says the same authority, "Where there is a bilateral contract for an entire consideration moving from each party, and the contract cannot be performed, it may be held that the consideration on each side is the performance of the contract by the other, and that a failure to completely perform it is a failure of the entire consideration, leaving each party, if there has been no breach or fault on either side, to his implied *assumpsit* for what he has done."

It is also contended by defendant that if the plaintiff is entitled to recover at all, he is entitled to recover only seventy-five per cent of the contract price of the work done and materials furnished up to the time of the fire. If this had been an action upon the contract defendant's position would be sound; but this is an action for the reasonable value of the work and materials furnished, and, therefore, as seen by the authorities just adverted to, the terms of the contract in this regard do not control.

The evidence is sufficient to support the findings, which cover all the material issues and support the judgment.

The judgment and order appealed from are affirmed.

Hall, J., and Lennon, P. J., concurred.