[Civ. No. 2443.  First Appellate District.—September 13, 1918.]

## J. E. STEERE, Respondent, v. CESARE FORMILLI, Appellant.

BUILDING CONTRACT—PROVISION FOR PERIODICAL PROGRESS PAYMENTS—CONTRACT NOT SEPARABLE — ACCOUNT STATED.—A provision in a building contract to the effect that the defendant would make payments: Seventy-five (75) per cent of the value of' the labor performed and materials incorporated on the premises, and in the said building and structures, as estimated by the defendant, less previous payments made, every three weeks commencing with the third week after the date of commencement of the work, does not operate to make the contract separable, so that the work done and materials furnished during each three weeks constitute a separate contract

and the settlements at the end of each three weeks accounts stated, but is merely a means provided by the contracting parties for estimating the amounts of the progress payments.

ID.—DAMAGES FOR BREACH — INTEREST.—Interest prior to judgment should not be allowed in an action for damages for breach of a building contract, the claim sued on being unliquidated, and the amount, until a trial is had, being only the pleader's estimate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Thomas H. Breeze, for Appellant.

Walter H. Linforth, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action to recover damages for a breach by the owner of a building contract. A trial on questions of fact was had in the lower court, judgment was entered in favor of the plaintiff, and the defendant has appealed on the judgment-roll. The lower court found that the contract as pleaded contained a provision to the effect that the defendant would make payments "as follows: seventy-five (75) per cent of the value of the labor performed and materials incorporated on the premises and in the said buildings and structures, as estimated by the defendant, less previous payments made, every three weeks commencing with the third week after the date of commencement of the plaster work"; and it also found that the plaintiff commenced the work on October 23, 1914, and continued to perform till March 2, 1915, when the defendant notified the plaintiff that the said contract was terminated; that the reasonable value of the work and materials was $18,333.50; that the proportion of the value of the work and materials furnished to the value of the work and materials to be done and furnished was $18,333.50. In framing its judgment the lower court allowed interest on the balance found due from the date of discharge, March 2, 1915.

The principal point made by the appellant is that the work done and materials furnished during each three weeks constituted, under the terms of the contract, a separate contract, and the settlements made at the end of the three-week periods

became accounts stated. This same point is presented in several ways, but the effect is the same. The point is not new. It has been expressly held that the contract provision in question does not operate to make the contract separable, but is a means provided by the contracting parties for estimating the amounts of the progress payments. (*American-Hawaiian etc. Co.* v. *Butler,* 17 Cal. App. 764, 770, [121 Pac. 709]; *Keeling* v. *Schastey & Vollmer,* 18 Cal. App. 764, 768, [124 Pac. 445]; *Adams* v. *Burbank,* 103 Cal. 646, 650, [37 Pac. 640].)

The claim sued on was unliquidated. Until a trial was had the amount was but the pleader's estimate. In such a case, interest should not be allowed prior to the date of the judgment. (*Edwards* v. *Arp,* 173 Cal. 472, 473, [160 Pac. 551]; *American-Hawaiian etc. Co.* v. *Butler, supra.*) The lower court allowed interest from the date of the breach of the contract. We think the judgment should be modified by deducting therefrom the amount of the interest which was computed as accruing between March 2, 1915 (the date of the breach), and July 17, 1916 (the date of the judgment), and as thus modified, it should be affirmed. It is so ordered.

Lennon, P. J., and Beasly, J., *pro 'tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 11, 1918.