## W. R. EWING AND ANOTHER v. DANIEL SCHLABACH.[1]

April 6, 1923.

No. 23,289.

**Abandonment of contract on ground of fraud unwarranted.**

Action for breach of contract. Findings for plaintiff. The evidence sustains the findings, including those to the effect that defendant's charge of fraud was unfounded, and that he had no legal excuse for refusing to perform the contract.

Action in the district court for Swift county to recover.$9,000 for breach of contract. The case was tried before Daly, J., who at the close of the testimony denied plaintiffs' motion for a directed verdict, thereafter made findings and ordered judgment in favor of plaintiffs for $3,760.62. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Allen & Allen*, for appellant.

*C. L. Kane*, for respondents.

TAYLOR, C.

In January, 1916, plaintiffs entered into a contract with the county of Chippewa to construct the open part of County Ditch No. 16 in that county. In March, 1918, they entered into a contract with defendant by which defendant agreed to construct branches 1 and 2 of lateral No. 4 of this ditch for ten cents per cubic yard. Defendant failed to perform any part of his contract and plaintiffs subsequently caused it to be performed by other parties at an expense of fourteen cents per cubic yard. Plaintiffs brought suit against defendant to recover the loss sustained, and also the amount of a loan they had made to him.

Defendant admitted the loan, and also admitted that he had made the contract and had not performed it, but alleged that he had been induced to enter into the contract by false representations made by plaintiffs, and set forth a claim for damages for expenses incurred

[1] Reported in 193 N. W. 36.

in preparing to do the work. The trial resulted in a disagreement of the jury. Thereafter the parties, by stipulation, submitted the case to the court for decision upon the evidence taken at the previous trial. The court found as a fact, among other things, that defendant, without excuse or justification, abandoned the contract and failed and refused to perform it or any part of it, and directed judgment for plaintiffs. Defendant moved for a new trial and appealed from the order denying it.

The real question presented is whether the evidence warranted the court in finding, in effect, that defendant had failed to establish his charge of fraud.

Defendant had been in the ditching business for some years and owned a floating dredge then located in Sibley county. On January 4, 1918, plaintiffs wrote him that they had a job suitable for such a dredge, that, "the ditch starts in a large slough where there is ample water to build and run," and asked him, if interested, to come and see them. In March he went to see them and on March 11 made an absolute and unconditional contract to construct the portion of the ditch above specified, without inserting any provision as to the instrumentalities to be used in doing the work. He shipped his dredge to Kerkhoven, the railway station nearest the work, where it arrived April 1. On April 2 he went out and looked over the ground at the starting point and saw that there was only a small quantity of water in a small part of the slough. Thereafter he moved his dredge out to the starting point and set it up. He then waited for rains to raise the water sufficiently to enable him to float his dredge. The rains of that season failed to furnish sufficient water for his purpose, and in the fall he removed the dredge and abandoned the contract, although plaintiffs suggested that he perform it the next season. The false representation relied upon is the statement in plaintiffs' letter that "the ditch starts in a large slough where there is ample water to build and run." This letter was written in January. The evidence is to the effect that there had been ample water in this slough during the preceding four years. One of defendant's own witnesses states that there "was all kinds of water" in each of those years, except that it began to diminish and dry up in the latter part

of 1917. Plaintiffs' statement was necessarily based on the conditions they had observed prior thereto; they could not know what the condition would be in the future. The season of 1918 was unusually dry. Defendant examined the slough and knew its condition before he moved his dredge from the railway station. Instead of claiming that he had been deecived and repudiating the contract, he placed his dredge in position, waited for rain, and in the meantime went to work for plaintiffs on a part of the main ditch which they were constructing themselves with their own dredge. The record amply supports the findings of the trial court.

The facts do not bring this case within the rule, invoked by defendant, that where the contract contemplates the continued existence of some specified thing as a condition of its performance, the destruction or nonexistence of that thing relieves the contractor from liability for nonperformance. Anderson v. May, 50 Minn. 280, 52 N. W. 580, 17 L. R. A. 555, 36 Am. St. 642; Hokanson v. Western Empire Land Co., 132 Minn. 74, 155 N. W. 1043; note, 1 Ann. Cas. 466; 6 R. C. L. 997 et seq.

Defendant complains of the rulings excluding evidence of certain items of expense incurred in moving his dredge, but, as he is not entitled to recover such expenditures, these rulings have become immaterial.

Order affirmed.