## J. E. G. ROBB AND ANOTHER v. JOHN J. PARTEN AND OTHERS.[1]

### No. 26,772.

### July 20, 1928.

[1]Reported in 220 N. W. 610, 226 N. W. 515.

*E. T. Chesnut,* for appellants.
*John A. Nordin,* for respondents Parten.

HILTON, J.

Appeal by plaintiff from a judgment entered against it in its action to foreclose a mechanic's lien for labor and materials.

The facts as found by the court are not in dispute and, in so far as necessary for a determination of this appeal, are in substance here stated. The conclusions of law drawn from the facts are challenged.

Plaintiff, a partnership, plumbing contractors, under a contract in writing duly entered into with defendants Parten, agreed "to furnish all labor and materials for the installation of the plumbing" in a dwelling being erected in Minneapolis. The contract also provided that the contractor would "furnish and install in a strictly first class manner piping, valves, fittings and plumbing fixtures and leave everything ready for normal and successful operation for the sum of Four Hundred Sixty Five Dollars ($465.00)." Prior to the completion of the contract, the building in question was destroyed by fire for which neither plaintiff nor defendants were shown to be responsible. The reasonable value of such labor and materials furnished before the fire was $297.13, no part of which was paid.

Within 90 days of the furnishing of the last item of said labor and materials, a lien statement was filed. An ordinance of Minneapolis prohibits any person or persons from carrying on the business of plumbing without first having obtained a license. Neither plaintiff nor either of its members had such a license. The work in question was done by a licensed plumber in plaintiff's employ under a permit therefor issued by the building department of the

city, and the work was inspected and approved by the city building inspector.

The court further found:

"That during the time the plaintiffs did the work herein involved, they were independent contractors, and after plaintiffs had entered upon the performance of said contract as aforesaid and before completing their said contract with defendants, and on the 27th day of August, 1925, the building in which said plumbing work was partly done was destroyed by fire and no work was thereafter done under said contract."

One of the members of plaintiff partnership testified that continuance of the work was refused by plaintiff until a settlement was had with Parten on the work done before the fire.

Appellant raises two points: (1) That the ordinance does not apply to contractors who merely contract to furnish labor and materials; (2) that the ordinance is unconstitutional. The trial court in its memorandum stated:

"The ordinance, as far as here important, is held valid and the plaintiffs are denied a recovery, on the authority of: Solomon v. Dreschler, 4 Minn. 197 (278); Buckley v. Humason, 50 Minn. 195, 52 N. W. 385, 16 L. R. A. 423, 36 A. S. R. 637; 30 A. L. R. 887, Anno. 30."

Because of the conclusion that we have reached in this case, it is not necessary to pass upon the constitutionality of the ordinance. It is likely that the ordinance did not by its terms require the plaintiff partnership to hold a license in order to enter into and carry out the contract referred to, the work being actually done by a duly licensed plumber and with the approval of the plumbing inspector. The plaintiff was an independent contractor. The contract was entire; it was not separable. It was incumbent upon plaintiff to complete the contract. The risk of the destruction by fire was one that could have been protected against and one which plaintiff assumed. Having failed to complete the contract and having refused to do so, basing such refusal apparently upon securing

pay for what had already been done, plaintiff here cannot recover for a part performance. Kriger v. Leppel, 42 Minn. 6, 8, 43 N. W. 484; Johnson v. Fehsefeldt, 106 Minn. 202, 204, 118 N. W. 797, 20 L.R.A.(N.S.) 1069. "It is as well settled as anything in the law can be, that 'if a party, by his contract, charge himself with an obligation possible to be performed, he must make it good, unless performance is rendered impossible by the act of God, the law or the other party.'" City of Minneapolis v. Republic Creosoting Co. 161 Minn. 178, 190, 201 N. W. 414, 419, and cases cited.

Affirmed.

### AFTER REARGUMENT.

On July 26, 1929, the following opinion was filed:

PER CURIAM.

Upon reargument we are of the opinion that the general rule stated in the opinion does not control, but that this case is ruled by an exception to the rule in that the contract involved was implied to be made on the assumed continued existence of the dwelling house. Anderson v. May, 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 A. S. R. 642; Angus v. Scully, 176 Mass. 357, 57 N. E. 674, 49 L. R. A. 562, 79 A. S. R. 318; 3 Williston, Contracts, §§ 1975, 1935, 1948, 1964 and 1965; 5 Page, Contracts, §§ 2716-2717, 2719-2720; Carroll v. Bowersock, 100 Kan. 270, 164 P. 143, L. R. A. 1917D, 1006; 6 R. C. L. 1005-1009, §§ 369-371; 9 C. J. 805-809, §§ 144-146; Halsey v. Waukesha S. S. Co. 125 Wis. 311, 104 N. W. 94, 110 A. S. R. 838; Dame v. Wood, 75 N. H. 38, 70 A. 1081; Young v. City of Chicopee, 186 Mass. 518, 72 N. E. 63; Keeling v. Schastey & Vollmer, 18 Cal. App. 764, 124 P. 445; Siegel, Cooper & Co. v. Eaton & Prince Co. 165 Ill. 550, 46 N. E. 449.

We construe the city ordinance as requiring plumbing work to be done by a licensed plumber, which in this case was done. The ordinance does not prevent persons who are not plumbers from contracting to have plumbing work done. Its requirements relate to the fitness of the man engaged in the trade of a plumber. Its

purpose is to have the work properly done in a safe and sanitary manner.

The judgment is reversed and a new trial is granted.

HILTON, J. (dissenting).

Reargument was granted on the question of whether, where the contract of an independent contractor is entire and is for work on an existing structure, which must continue to exist in order that the work may be performed, and the structure is not under control of the contractor, the contract is on the implied condition of the continued existence of the structure so that, in case the structure is destroyed by fire, without fault of either party, before completion of the contract, the contractor may recover on quantum meruit for the work actually performed. I think this question should be answered in the negative. The English rule is that there can be no such recovery. That rule has been followed in various states. Siegel, Cooper & Co. v. Eaton & Prince Co. 165 Ill. 550, 46 N. E. 449; Huyett & Smith Mfg. Co. v. Chicago Edison Co. 167 Ill. 233, 47 N. E. 384, 59 A. S. R. 272; Krause v. Crothersville, 162 Ind. 278, 70 N. E. 264, 65 L. R. A. 111, 102 A. S. R. 203, 1 Ann. Cas. 460; Taulbee v. McCarty, 144 Ky. 199, 137 S. W. 1045, 36 L.R.A.(N.S.) 43, Ann. Cas. 1913A, 456, and cases cited. Many of the courts of the United States hold to the contrary.

In this state however the rule was early adopted, without qualification, that one who binds himself by express contract to do something in itself possible must perform his engagement unless prevented by an act of God, the law, or the other party. Stees v. Leonard, 20 Minn. 448 (494). Rule restated in Paine v. Sherwood, 21 Minn. 225, 231; Anderson v. May, 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 A. S. R. 642; City of Minneapolis v. Republic Creosoting Co. 161 Minn. 178, 190, 201 N. W. 414. While the facts in these cases are not identical with those in the present case, the rule stated seems to apply. The fact that the building in question was in course of construction would not appear to affect the question. I believe that the former affirming opinion of this court in this case was correct, and am therefore obliged to dissent.